224 So.2d 365 (1969)
Ida Lee EVETT, Appellant,
v.
CITY OF INVERNESS, a Municipal Corporation, Appellee.
No. 68-442.
District Court of Appeal of Florida. Second District.
July 2, 1969.
Ray Graham, Sarasota, for appellant.
Lucius M. Dyal, Jr., Shackleford, Farrior, Stallings & Evans, Tampa, for appellee.
HOBSON, Chief Judge.
Plaintiff-appellant, a widow, appeals a final order granting a motion to dismiss her complaint as against the City of Inverness, appellee herein, for the wrongful death of her husband which was alleged to have been caused by the negligence of a police officer of the City of Inverness.
The plaintiff's complaint alleged the following:
The plaintiff's husband was killed when an automobile operated by him on U.S. Highway 41 was struck on its own side of the road by an automobile negligently operated by an intoxicated driver.
A short time prior to the collision, a police officer of the City of Inverness stopped this intoxicated driver for speeding on U.S. Highway 41 within the municipal limits of the City of Inverness. At that time, the officer knew or should have known that the operator was intoxicated to the extent that his normal faculties were impaired and that his continued operation of the vehicle would injure persons or property upon the public highways. Notwithstanding this the police officer negligently permitted him to continue driving upon the public highways.
The question which is determinative of this appeal is whether the City's police officer owed any duty to the plaintiff's *366 deceased husband, as an individual, which would support a cause of action in which the City may be found liable under the doctrine of respondeat superior.
The answer to the above question is found in the decision of the Supreme Court of Florida in Modlin v. City of Miami Beach, 201 So.2d 70 (Fla. 1967), wherein the court speaking through Mr. Justice O'Connell stated at page 75:
"It is a well recognized principle of tort law that a fundamental element of actionable negligence is the existence of a duty owed by the person charged with negligence to the person injured. 23 Fla. Jur., `Negligence,' Sec. 10. However, there is also a doctrine of respectable lineage and compelling logic that holds that this duty must be something more than the duty that a public officer owes to the public generally. Mechem, Public Offices and Officers (1890), Secs. 598, 672, 673, and 674; 43 Am.Jur., `Public Officers,' Secs. 272 and 279; 27 Fla.Jur., `Public Officers,' Sec. 120; 67 C.J.S. Officers § 127(b); First National Bank of Key West v. Filer, 1933, 107 Fla. 526, 145 So. 204, 87 A.L.R. 267; Larson v. Marsh, 1944, 144 Neb. 644, 14 N.W.2d 189, 153 A.L.R. 101, Mechem states the rules as follows:
"`Sec. 598. * * * public officers, in respect of the person or persons to whom their duty is owing, are divided into two classes,  those whose duty is owing solely to the public, and those whose duty is owing in some degree to individuals. The first question for determination, therefore, in considering the liability of a public officer to private action is whether that officer owes any duty to the individual complaining. If he does not, then the individual has no right of action, even though he may have been injured by the action or non-action of the officer. * * *'"
* * * * * *
"`Sec. 674. * * * It is largely a restatement of the same rule to say that the individual suing must show that he has suffered an injury from the breach of a duty owing to himself. It is not enough that he has sustained an injury, or that the officer has violated a duty owing to some one; but the plaintiff must show that these two things concur: that he has sustained a special and peculiar injury, and that it results from a breach of duty which the officer owed to him.'"
In the Modlin case, Celia Modlin was crushed to death by an overhead storage mezzanine which collapsed while she was shopping in a retail store. The complaint against the city charged that a city building inspector negligently performed an inspection while the building was being constructed, which negligence resulted in the failure to discover the defect that eventually caused the collapse of the mezzanine.
Based on the above facts, the Supreme Court held:
"It is evident that under this principle the respondent city's inspector would not have been personally liable to Mrs. Modlin for damages resulting from the negligent performance of his duties. At the time he allegedly negligently performed the inspection, he owed no duty to Mrs. Modlin in any way different from that owed to any other member of the public. Therefore, the city is not liable under the rule of respondeat superior." Modlin v. City of Miami Beach, supra, at page 76.
In view of the holding of the Supreme Court in the Modlin case which we deem controlling in the case sub judice, we hold that the city's police officer under the facts in this case cannot be held personally liable for damages resulting from his negligence, if any, in the performance of his duties. If he did negligently permit the intoxicated driver to continue operating his vehicle on the public highway, he still owed no duty to plaintiff's deceased husband in any way different from that owed to any other member of the public. Therefore, *367 as the police officer is not liable, the city cannot be liable under the rule of respondeat superior.
Affirmed.
MANN and McNULTY, JJ., concur.