WILL C. McMILLAN, ADMINISTRATOR OF THE ESTATE OF PEGGY STEPHENS McMILLAN v. WILLIE RICKY NEWTON AND DAVID F. GREEN

No. 8212SC568

(Filed 6 September 1983)

Automobiles and Other Vehicles § 50— wrongful death action—automobile struck by car being pursued by patrolman—summary judgement for patrolman proper

The trial court properly granted summary judgment for a patrolman in a wrongful death action where the evidence tended to show that the patrolman tried to stop the other defendant for following a vehicle too closely, the other defendant increased his speed and the patrolman pursued defendant's vehicle and where the other defendant's vehicle collided with the vehicle in which plaintiff's intestate was driving.

APPEAL by plaintiff from *Herring, Judge.* Judgment entered 20 April 1982 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 19 April 1983.

This is an action for wrongful death. The plaintiff's intestate was killed when an automobile in which she was riding was struck by an automobile being driven by the defendant Willie

Ricky Newton who was being pursued by the defendant David F. Green, a member of the North Carolina State Highway Patrol. The plaintiff alleged that the joint and concurring negligence of the two defendants was the proximate cause of his intestate's death.

The defendant David F. Green made a motion for summary judgment. The papers filed in regard to this motion showed that on 13 January 1980 the defendant Green was on duty in Cumberland County when he tried to stop the defendant Newton for following another vehicle too closely. Newton would not stop and Trooper Green pursued him at a speed that at times reached 110 miles an hour. Trooper Green requested assistance from the radio dispatcher during the pursuit. Trooper Green pursued the defendant for 7 to 10 miles, a part of the pursuit being inside the Town of Hope Mills. Trooper Green did not know who was driving the vehicle he was pursuing. While Trooper Green was approximately 300 feet behind Newton he saw a vehicle approximately ¾ of a mile ahead of Newton give a right turn signal. Trooper Green slowed down and saw the vehicle being driven by the defendant Newton collide with the vehicle which had given the right turn signal. The plaintiff's intestate was driving the vehicle with which Newton's vehicle collided and she died as a result of the collision.

The superior court granted the defendant Green's motion for summary judgment. The plaintiff appealed.

*A. Maxwell Ruppe for plaintiff appellant.*

*Nance, Collier, Herndon and Ciccone, by James R. Nance; and Anderson, Broadfoot, Anderson, Johnson and Anderson, by Hal W. Broadfoot, for defendant appellee.*

WEBB, Judge.

The granting of the motion for summary judgment by the defendant David F. Green did not dispose of all claims in the action and is not a final judgment. We believe the judgment does affect a substantial right which could work injury to the appealing party if not corrected prior to a final judgment. The plaintiff's claim against the defendant Green has been dismissed. If plaintiff gets a judgment against the other defendant, it could be of little use to plaintiff in being compensated for his damages. If the

McMillan v. Newton

defendant Green were liable to the plaintiff, we believe plaintiff should have a right to a judgment against both defendants after a trial without having to appeal and get a second trial against the second defendant. We hold the summary judgment in favor of the defendant Green is appealable. *See Leasing Corp. v. Myers*, 46 N.C. App. 162, 265 S.E. 2d 240 (1980).

This is an appeal from a summary judgment for a defendant in a wrongful death action based on negligence. We believe *Moore v. Fieldcrest Mills, Inc.*, 296 N.C. 467, 251 S.E. 2d 419 (1979) governs as to when a motion for summary judgment should be entered for a defendant in an action based on negligence. We believe that case holds that if the moving party makes a forecast of evidence which would be sufficient if offered at trial to compel a directed verdict in his favor, the opposing party is required to make a forecast of evidence, which if offered at trial, would prevent a directed verdict for the moving party. If the opposing party does not make such a forecast, the moving party is entitled to summary judgment in his favor.

In this case all the evidence shows that the defendant Green, while on duty as a member of the North Carolina State Highway Patrol, engaged in a high speed chase while pursuing the defendant Newton. The plaintiff's intestate was killed when Newton's vehicle collided with the vehicle she was driving. There is no evidence that Trooper Green drove his vehicle negligently unless engaging in the pursuit was negligent. G.S. 20-145 provides that Trooper Green was not bound by the posted speed limit.

We have not found a case from this jurisdiction on point but we believe Trooper Green was governed by the standard of the reasonable man. *See* W. Prosser, Handbook of the Law of Torts § 32, p. 149 (4th ed. 1971). In this case the question is what action would a reasonable man, who is serving as a member of the North Carolina State Highway Patrol, take when he tries to stop a motor vehicle for following too closely and the driver of the vehicle does not stop. In this case defendant Green pursued the vehicle. He called his radio dispatcher for assistance and continued the pursuit. We believe this is what a reasonable man in the circumstances of Trooper Green would have done.

There is danger in high speed chases by law enforcement officers. Nevertheless, we believe it is reasonable and good public

policy for law enforcement officers to pursue and apprehend those who do not stop when signalled to do so. The evidence is that Trooper Green conducted the pursuit in as careful a manner as was possible. If we held that on the evidence forecast Trooper Green could be found liable for negligence we would be holding that any law enforcement officer who engages in a pursuit would do so at his peril. This we cannot do. As tragic as the death in this case is, we do not believe Trooper Green is responsible for it.

The forecast of evidence being such that the defendant Green would be entitled to a directed verdict if the evidence were offered at trial we hold that summary judgment in his favor was properly granted.

Affirmed.

Judges WHICHARD and BRASWELL concur.