Kathy DENT, et al., Appellants,

v.

The CITY OF DALLAS, et al., Appellees.

No. 05–85–00478–CV.

Court of Appeals of Texas, Dallas.

Nov. 20, 1986.

Rehearing Denied May 15, 1987.

Windle Turley, Darrell Panethiere, Dallas, for appellants.

Analeslie Muncy, City Atty., Douglas H. Conner, Jan W. Fletcher, Asst. City Attys., Dallas, for appellees.

Before AKIN, HOWELL and HOLLINGSWORTH, JJ.

HOLLINGSWORTH, Justice.

The principal question on this appeal is the liability of the city and its police officer for fatal injuries to an innocent motorist in a collision with a vehicle being pursued by the officer. Plaintiffs are the executor and statutory beneficiaries of the deceased motorist. They appeal from a judgment on a partially favorable verdict denying several elements of the damages alleged. Defendants City of Dallas and its officers present cross-points asserting their non-liability for any amount. We sustain the defendants' cross-points and render judgment that plaintiffs take nothing. Consequently, we do not reach any of the plaintiffs' points of error.

On July 30, 1981, Dallas police officer Frank Reed was advised by a police dispatcher that a suspect, later identified as Allen Davis, was attempting to pass a forged prescription at a Revco drug store at the corner of Forest Lane and Greenville Avenue in Dallas. Officer Reed was then informed that the suspect had left the drug store and was heading southbound on Greenville Avenue. Officer Reed was given a detailed description of Davis and the car that he was driving. In an effort to intercept Davis, Officer Reed proceeded northbound on Greenville. After driving a short distance on Greenville, Officer Reed spotted Davis stopped at a red light at the corner of Greenville and Park Lane. Officer Reed made a U-turn, turned on his lights, and pulled up behind Davis. After seeing that Davis had acknowledged his presence, Officer Reed left his squad car, walked up to Davis's automobile, and looked inside to confirm that no one besides Davis was in the automobile. After insuring that Davis was alone and that he had his hands on the wheel, Officer Reed directed him to pull off onto the shoulder of the road. Although the officer had probable cause to arrest Davis, Officer Reed chose not to do so, opting instead to wait for back-up assistance. When Officer Reed ordered Davis to pull off the road, Davis acknowledged the order and began to pull off to the shoulder. As Officer Reed turned to go back to the squad car, Davis sped off, running the red light at Park Lane and Greenville to effectuate his escape.

Officer Reed, after reporting to the police dispatcher that Davis was "running," began pursuit. Hearing this report and being in the neighborhood, Officer Larry Eddington joined in the chase. Officers Reed and Eddington pursued Davis for less than one mile and a little more than a minute before Davis ran a stop sign and collided with a car driven by plaintiffs' decedent Dr. Gene Gilbert Dent. Dr. Dent was severely injured as a result of the collision and died of his injuries eight days later.

Dr. Dent's widow, Kathy Dent, as executor of the estate and on behalf of Dr. Dent's son, Andrew Dent, along with Dr. Dent's parents, I.O. and Mavis Dent, sued Officers Reed and Eddington and the City of Dallas. The suit alleged that Officer Reed was negligent in (1) failing to arrest Davis, (2) instituting a high speed chase of Davis, and (3) pursuing Davis for part of the chase without his siren activated. The suit alleged further that Officer Eddington was negligent in joining in and continuing the chase, and that the City of Dallas was liable both for enacting the policies under which Officers Reed and Eddington were acting and under the principle of respondeat superior. The petition also attempted to allege a cause of action against Reed, Eddington and the city under 42 U.S.C. § 1983 for deprivation of civil rights.

At the close of trial the jury answered all except two of the issues in favor of plaintiffs. Acting upon the jury's answers to the special issues, the trial court rendered judgment for Kathy and Andrew Dent and against the City of Dallas and Officer Frank Reed in the amount of $100,000. The judgment denied all relief sought by Mavis and I.O. Dent and denied recovery sought to any plaintiff under 42 U.S.C. § 1983.

Plaintiffs present various points of error complaining of the amount of their recovery and the denial of recovery by Mavis and I.O. Dent. The city brings three cross-points asserting that: (1) the Dents failed

to establish a cause of action under the Texas Tort Claims Act; (2) the court erred in holding Officer Reed liable for his discretionary actions; and (3) the court erred in finding joint liability where there was neither an affirmative finding of negligence on the part of Officer Reed relating to the manner of operation of his vehicle nor a finding of negligence in continuing the pursuit.

The essential elements of actionable negligence consist of the following: a legal duty owed by one person to another; a breach of that duty; and damage proximately resulting from such a breach. *Abalos v. Oil Development Co.*, 544 S.W.2d 627, 631 (Tex.1976); *Ronk v. Parking Concepts of Texas, Inc.*, 711 S.W.2d 409, 411 (Tex.App.—Forth Worth 1986, no writ); *Producers Grain Corp. v. Lindsay*, 603 S.W.2d 326 (Tex.Civ.App.—Amarillo 1980, no writ). The existence of a legal duty under a given set of facts and circumstances is a question of law for the court to decide. *Abalos*, 544 S.W.2d at 631; *Producers Grain Corp.*, 603 S.W.2d at 329. Negligence cannot exist unless there is a duty owed to the injured person; where no duty is owed to that person, no legal liability can arise on account of negligence. *Abalos*, 544 S.W.2d at 631; *Applebaum v. Nemon*, 678 S.W.2d 533, 535 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e.); *Rushing v. International Aviation Underwriters, Inc.*, 604 S.W.2d 239, 243 (Tex. Civ.App.—Dallas 1980, writ ref'd n.r.e.).

Whether a police officer owes a specific duty to one injured or killed by a person whom the officer had probable cause to arrest, but either elected not to do so or made an inadequate attempt to arrest, is a question of first impression in this state. In those states that have addressed this question the courts have uniformly held that the officer's duty is a duty to the public at large to enforce the criminal law and that the officer owes no specific duty to the individual injured. *See Wilson v. City of Tucson*, 8 Ariz.App. 398, 402, 446 P.2d 504, 508 (1968); *Shore v. Town of Stonington*, 187 Conn. 147, 150–54, 444 A.2d 1379, 1381–82 (1982); *Trautman v. City of Stamford*, 32 Conn.Sup. 258, 259–

63, 350 A.2d 782, 783–85 (1975); *Evett v. City of Inverness*, 224 So.2d 365, 366–67 (Fla.Dist.Ct.App.1969).

■ Appellants are seeking to hold the City of Dallas and one of its police officers liable for the officer's discretionary decisions as to if, how, and when to arrest a person suspected of attempting to pass a forged prescription. If we were to uphold the finding of liability on the part of Officer Reed for his actions, then, to avoid liability, police officers would have to *arrest all persons* stopped by them for whatever reason (be it jaywalking, expired license tags, etc.) lest these persons attempt escape and cause injury to somebody during their flight from justice. Sound jurisprudence as well as the public interest could not tolerate such a holding. Accordingly, we hold that any duty that Officer Reed had at the time in question was public in nature, as required for enforcement of the criminal law, and that he neither owed nor breached any duty to protect the traveling public, including Dr. Dent, from the suspect's actions in attempting to escape. *See Wilson*, 8 Ariz.App. at 402, 446 P.2d at 508; *Shore*, 187 Conn. at 150–54, 444 A.2d at 1381–82; *Trautman*, 32 Conn.Sup. at 259–63, 350 A.2d at 783–85; *Evett*, 224 So.2d at 366–67; *Maksinczak v. Salliotte*, 140 Mich.App. 537, 539, 364 N.W.2d 737, 739 (1985); 2 Cooley, Torts (4th ed.) § 300; 63 Am.Jur.2d *Public Officers and Employees*, § 287; 65 C.J.S. *Negligence* § 4(8); Annot., 41 A.L.R.3d 700 (1972).

■ Furthermore, we hold that under the circumstances of this case, the sole proximate cause of the accident as a matter of law was Davis's grossly negligent behavior in fleeing from Officer Reed and by ignoring all traffic laws during his flight until he crashed into Dr. Dent. The question of a police officer's liability to an innocent third party, who is injured or killed in an accident involving a suspect being pursued by the officer, has never been addressed in Texas. In the jurisdictions where this question has arisen, the majority of courts have found no liability on the part of the officers. The rationale for

these decisions is that the sole proximate cause of the accident is the suspect's negligent conduct and not the officer's conduct in electing to pursue the lawbreaker. Simply stated, courts will not make police officers the insurers for the conduct of the suspects they pursue. *See United States v. Hutchins,* 268 F.2d 69, 72 (6th Cir.1959); *State of West Virginia v. Fidelity and Casualty Co. of N.Y.,* 263 F.Supp. 88, 90–91 (S.D.W.Va.1967); *Pagels v. City and County of San Francisco,* 135 Cal.App.2d 152, 153–56, 286 P.2d 877, 878–79 (1955); *Draper v. City of Los Angeles,* 91 Cal. App.2d 315, 318, 205 P.2d 46, 48 (1949); *City of Miami v. Horne,* 198 So.2d 10, 12–13 (Fla.1967); *Downs v. Camp,* 113 Ill. App.2d 221, 227, 252 N.E.2d 46, 50 (1969); *Bailey v. L.W. Edison Charitable Foundation,* 152 Ind.App. 460, 466, 284 N.E.2d 141, 145 (1972); *Thornton v. Shore,* 233 Kan. 737, 753, 666 P.2d 655, 668 (1983); *Chambers v. Ideal Pure Milk Co.,* 245 S.W.2d 589, 590–91 (Ky.1952); *Oberkramer v. City of Ellisville,* 706 S.W.2d 440, 442 (Mo.1986); *Lee v. City of Omaha,* 209 Neb. 345, 348, 307 N.W.2d 800, 803 (1981); *Blanchard v. Town of Kearny,* 145 N.J.Super. 246, 248, 367 A.2d 464, 465 (Law Div. 1976); *Roll v. Timberman,* 94 N.J.Super. 530, 536, 229 A.2d 281, 284 (1967); *Silva v. City of Albuquerque,* 94 N.M. 332, 333, 610 P.2d 219, 220 (Ct.App.1980); *Mitchell v. State,* 108 A.D.2d 1033, 1034, 486 N.Y.S.2d 97, 99 (1985); *Simmen v. State,* 81 A.D.2d 398, 400, 442 N.Y.S.2d 216, 218 (1981); *Stanton v. State,* 29 A.D.2d 612, 612–14, 285 N.Y.S.2d 964, 967–69 (1967); *Wrubel v. State,* 11 Misc.2d 878, 879–81, 174 N.Y.S.2d 687, 689–90 (Ct.Cl.1958); *McMillan v. Newton,* 63 N.C.App. 751, 753, 306 S.E.2d 470, 472 (1983); *Jackson v. Olson,* 77 Or.App. 41, 44–47, 712 P.2d 128, 130–31 (1985); Annot., 4 A.L.R.4th 865 (1981); Annot., 83 A.L.R.2d 452 (1962). *Contra Tetro v. Town of Stratford,* 189 Conn. 601, 603–07, 458 A.2d 5, 7–8 (1983); *Fiser v. City of Ann Arbor,* 417 Mich. 461, 471–75, 339 N.W.2d 413, 417–418 (1983); *Kuzmics v. Santiago,* 256 Pa.Super. 35, 38–41, 389 A.2d 587, 589–90 (1978).

■ Assuming, arguendo, that plaintiffs could show that Officer Reed had a duty to Dr. Dent, that Officer Reed breached that duty, and that such breach was a proximate cause of the injuries complained of, Officer Reed and the city would still not be liable to the Dents. The only actions which the jury found Officer Reed did that constituted negligence concerned his decisions as to how and when to arrest Davis. Since Officer Reed was a nonjudicial government official, performing a discretionary function and acting in good faith, he is entitled to immunity under the doctrine of qualified immunity. *Anderson v. Higdon,* 695 S.W.2d 320, 324 (Tex.App.—Waco 1985, no writ). Again, because Officer Reed cannot be liable, the city cannot be liable under the doctrine of respondeat superior.

■ Plaintiffs' contention that they stated and proved a cause of action under 42 U.S.C. § 1983 is also without merit. A review of the record shows no commission of a constitutional tort on the part of either Officer Reed or the city. Even if duty, negligence and proximate cause were proven, the United States Supreme Court has recently held that the due process clause is not implicated by a State official's *negligent* act that causes unintended loss of, or injury to life, liberty, or property. *Daniels v. Williams,* 474 U.S. 327, 106 S.Ct. 662, 663–67, 88 L.Ed.2d 662 (1986). Plaintiffs have pleaded only negligence and have neither pleaded nor proved that Officer Reed or the city *intended* to take Dr. Dent's life without due process of law. Consequently, no cause of action under 42 U.S.C. § 1983 has been shown.

Because the points of error we have discussed are dispositive of the appeal, we need not address the remaining points of error. The judgment of the trial court is reversed and judgment is hereby rendered that appellants take nothing from appellees Frank Reed and the City of Dallas.