Kathy DENT, Individually and on Behalf of The Estate of Gene Gilbert Dent, Deceased and as Next Friend of Andrew Dent, a Minor, Appellants,

v.

FEDERAL SIGN & SIGNAL CORPORATION, Federal Signal Corporation Factory Sales, and Law Enforcement Equipment Company, Appellees.

No. 05–88–00442–CV.

Court of Appeals of Texas, Dallas.

May 17, 1989.

Rehearing Denied June 21, 1989.

Richard N. Countiss, Dallas, for appellants.

Ronald D. Wren, Jack K. Smith, Dallas, for appellees.

Before HOWELL, LAGARDE and WHITTINGTON, JJ.

HOWELL, Justice.

Plaintiff Kathy Dent, on behalf of herself, her husband's estate, and her son, appeals a summary judgment favoring Defendants Federal Sign & Signal Corporation, Federal Signal Corporation Factory Sales, and Law Enforcement Equipment Company. The trial court granted summary judgment for Defendants, concluding

that the instant case is collaterally estopped by a prior opinion of this Court addressing the same incident. *Dent v. City of Dallas,* 729 S.W.2d 114 (Tex.App.—Dallas 1987, writ ref'd n.r.e.), *cert. denied,* — U.S. ——, 108 S.Ct. 1272, 99 L.Ed.2d 483 (1988) (*Dent I*). Plaintiff avers in her sole point of error that this second suit is not barred by collateral estoppel. We agree; accordingly, we reverse the summary judgment and remand this cause for trial.

Both lawsuits derive from the death of Plaintiff's husband in a 1981 collision when a criminal suspect, fleeing by car from Dallas police, ran a stop sign and struck the automobile driven by the decedent, Dr. Gene Dent. Severely injured in the crash, he died eight days later. Plaintiff initially sued the City of Dallas and the Dallas police officers involved in the chase, alleging negligence and deprivation of civil rights. *See* 42 U.S.C.A. § 1983 (1981).

The ultimate issue in *Dent I* was the alleged negligence of the city and its officers claimed to stem from (1) the officers' failure to arrest the suspect immediately, and (2) the high speed chase consequent to that failure. *Dent,* 729 S.W.2d at 115. This Court held that the police officers owed no duty to the traveling public, including the decedent, to protect them from the suspect's actions in trying to escape. *Id.* at 116. Of prime interest to the case now at bar, *Dent I* further held that *"under the circumstances of this case,* the sole proximate cause of the accident as a matter of law was [the suspect's] grossly negligent behavior in fleeing from [the officer] and by ignoring all traffic laws during his flight until he crashed into Dr. Dent." *Id.* (emphasis added).[1]

In the present case, Plaintiff sued Defendants on the theory of strict liability for defectively designing, manufacturing, and marketing the police siren and for failing to adequately warn of its limitations in use. All three Defendants moved for summary

---

**1.** We also held that even had the officer owed a duty to Dent, any breach of that duty proximately causing Dent's death would not have been actionable because the officer was shielded by qualified immunity. *Dent,* 729 S.W.2d at 117. Absent the police officer's liability, the city could not have been liable under respondeat superior. *Id.*

judgment urging collateral estoppel, which motions the trial court granted.

In seeking to invoke the doctrine of collateral estoppel, a party must establish three elements:

(1) that the facts sought to be litigated in the second action were fully and fairly litigated in the prior action;

(2) that those facts were essential to the judgment in the prior action; and

(3) that the parties in the second action were cast as adversaries in the prior action.

*Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex.1984). *See* RESTATEMENT (SECOND) OF JUDGMENTS § 27 (1982). The doctrine applies when a party against whom collateral estoppel is asserted had a full and fair opportunity to litigate the ultimate issue in the prior suit. *Tarter v. Metropolitan Sav. & Loan Ass'n*, 744 S.W.2d 926, 927 (Tex. 1988). "Ultimate issue" does not refer to a claim or cause of action. Ultimate issues are those factual determinations submitted to a jury that are necessary to form the basis of a judgment. *Id.* at 928.

[4] Insofar as these particular Defendants are concerned, collateral estoppel is a windfall doctrine, one that would release them from liability without requiring them to answer Plaintiff's claims before the bar of justice. Certainly when the defendant in a subsequent case is a stranger to the previous action, collateral estoppel is not to be applied expansively, but closely and carefully. As far as we can ascertain from *Dent I*, the ultimate issue of whether the police siren worked properly never was considered by either the trial or appellate courts. The single mention of the siren in *Dent I* was in the listing of Plaintiff's claims, including the assertion that the officer pursued the suspect during part of the chase without the siren activated. *Dent*, 729 S.W.2d at 116.

We therefore hold that the court below erred in applying collateral estoppel. Our previous opinion should not be construed as

passing on the liability of parties not present or as resolving issues not considered in the first lawsuit. We will construe *Dent I* to hold that *as between the defendants there before the court* and with respect to the causative events there argued, the actions of the fleeing criminal suspect were the sole proximate cause of the collision.[2] Both the identity of the parties and the ultimate issues in the two cases are different. *Dent I* could not have ruled out factors or events never raised in that case as possible causes, including Plaintiff's present assertions that the police siren was defective, failed to warn innocent motorists, and so forth. *See, e.g., Tarter,* 744 S.W.2d at 928.

We reverse the trial court's summary judgment and remand this cause for trial.

---

2. *But see Travis v. City of Mesquite,* 764 S.W.2d 576, 578–79 (Tex.App.—Dallas 1989, writ filed)

("refinement" of the sole proximate cause holding of *Dent I*).