Carl Francis **KERSEY**, Appellant,

v.

Robert J. **WILSON**, Appellee.

No. 2–01–226–CV.

Court of Appeals of Texas,
Fort Worth.

Feb. 14, 2002.

---

11. *See* TEX.R.APP. P. 43.2(f).

Rosendo Rodriguez, Jr., Wichita Falls, for Appellant.

John Cornyn, Attorney General, Howard G. Baldwin, Jr., First Assistant Attorney General, Michael T. McCaul, Deputy Attorney General for Criminal Justice, Phillip E. Marrus, Assistant Attorney General, Chief Law Enforcement Defense Division, and Seth Byron Dennis, Assistant Attorney General, Austin, for Appellee.

Panel A: CAYCE, C.J.; DAY and DAUPHINOT, JJ.

## OPINION

DAY, Justice.

### I. INTRODUCTION

This is an appeal from summary judgment granted in favor of Appellee Robert J. Wilson, a sergeant with Texas Department of Public Safety. Appellant Carl Francis Kersey sued Wilson alleging assault, negligence, gross negligence, false imprisonment, and intentional infliction of mental anguish and emotional distress arising out of his arrest for failure to produce his "record of duty status" as required by federal and state law. *See* 49 C.F.R. § 395.8(k)(2) (2001); 37 TEX. ADMIN. CODE § 3.62(a) (Supp.2001). The trial court granted Wilson's motion for summary judgment on the grounds of official immunity, which Kersey challenges on appeal in one issue. We affirm.

### II. BACKGROUND

On September 2, 1997, Kersey was driving an eighteen-wheeler on a highway in Clay County, Texas, when he was pulled over by Trooper Larry King of the Texas Department of Public Safety for failing to maintain a single lane. King asked Appellant to produce his "logbook," or "record of duty status." While Kersey refused this request, he did show King the last entry, even though the law required Kersey to show King the record of the previous seven days. This entry, however, was not even appropriately updated. Because of Kersey's failure to cooperate, King requested assistance. Wilson, King's supervisor, responded. Wilson also requested Kersey's logbook. Kersey again refused. Kersey was placed under arrest and charged with interference with public duties. He entered a plea of nolo contendere, and the trial court found him guilty. This court affirmed Kersey's conviction in an unpublished opinion. *See Kersey v. State*, No. 02–00–233–CR, slip op. at 2 (Tex.App.-Fort Worth June 21, 2001, pet. ref'd) (not designated for publication).

This lawsuit involves the alleged circumstances surrounding Kersey's arrest. Kersey contended that he was burned when Wilson put him on the hood of his patrol car to arrest him, that Wilson aggravated a previous injury to his right arm when Wilson twisted it behind Kersey's back, and that Wilson aggravated a previous injury to Kersey's leg and hip. On August 31, 1999, Kersey filed suit against Wilson alleging assault, negligence, gross negligence, false imprisonment, and intentional infliction of mental anguish and emotional distress. Wilson filed his motion for summary judgment on February 2, 2001, on the grounds of official immunity, which the trial court granted on May 18, 2001.

### III. SUMMARY JUDGMENT

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, and all doubts

about the existence of a genuine issue of material fact are resolved against the movant. *Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex.1999); *Friendswood Dev. Co. v. McDade + Co.,* 926 S.W.2d 280, 282 (Tex.1996); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am.,* 391 S.W.2d at 47.

■ In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true. *Rhone–Poulenc,* 997 S.W.2d at 223; *Harwell v. State Farm Mut. Auto. Ins. Co.,* 896 S.W.2d 170, 173 (Tex.1995). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.,* 391 S.W.2d at 47. The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action or defense as a matter of law. *Clear Creek Basin,* 589 S.W.2d at 678.

■ A defendant is entitled to summary judgment on his affirmative defense if he conclusively proved all the elements of the affirmative defense. *KPMG Peat Marwick,* 988 S.W.2d at 748. To accomplish this, the defendant must present summary judgment evidence that establishes each element of the affirmative defense as a matter of law. *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 121 (Tex.1996).

### IV. OFFICIAL IMMUNITY

■ Official immunity is a common-law affirmative defense that shields government officers and employees from personal liability arising from their performance of (1) discretionary duties (2) in good faith (3)

within the scope of their authority. *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994); *Burgess v. Jaramillo,* 914 S.W.2d 246, 248–49 (Tex.App.—Fort Worth 1996). In his motion for summary judgment, Wilson argued that he was protected from Kersey's suit by official immunity. The trial court agreed and granted summary judgment in his favor. Kersey's argument on appeal that Wilson was not entitled to official immunity encompasses one-half page of his brief and merely points this court back to his response to Wilson's motion for summary judgment. In his brief on appeal and his response to Wilson's motion for summary judgment, Kersey specifically relies on this court's analysis in *Burgess,* as "compelling authority in [his] favor." In fact, in his response to Wilson's motion for summary judgment, he simply replicated a three page quote from *Burgess* as support for his position.

Without addressing the obvious factual distinctions between *Burgess* and the case at hand, we note that after setting forth the elements of an official immunity affirmative defense, we explained in *Burgess* that

> Jaramillo concedes that Burgess's actions occurred within the course and scope of his employment as Director of Human Resources for Wichita County. The question on appeal is, then, did Burgess establish as a matter of law his non-liability for the alleged defamation by reason of his exercise of discretionary duties in good faith.

*Burgess,* 914 S.W.2d at 249. However, after concluding that Burgess failed to prove that his actions were discretionary as a matter of law, we ended our analysis without addressing good faith and held that Burgess was not entitled to the affirmative defense of official immunity. *Id.* at 252. Therefore, the only element of the

official immunity affirmative defense discussed in *Burgess* was whether the activity was discretionary or ministerial.

■ Because Kersey does not contest any particular element of Wilson's official immunity defense in his brief and never directly refuted in his response to Wilson's motion for summary judgment at trial any of the elements of Wilson's defense, and because *Burgess* only analyzed the discretionary act element of the affirmative defense, we conclude that the only question Kersey presents on appeal is whether Wilson established as a matter of law that his actions in arresting Kersey were discretionary rather than ministerial.

## A. DISCRETIONARY VERSUS MINISTERIAL ACT

■■ As a general rule, official immunity from suit attaches to a government employee's official actions only when that employee's job requires the exercise of personal judgment and discretion. *City of Wichita Falls v. Norman*, 963 S.W.2d 211, 215 (Tex.App.—Fort Worth 1998, pet. dism'd w.o.j.); *see also Alamo Workforce Dev., Inc. v. Vann*, 21 S.W.3d 428, 434 (Tex.App.—San Antonio 2000, no pet.); *Davis v. Klevenhagen*, 971 S.W.2d 111, 116 (Tex.App.—Houston [14th Dist.] 1998, no pet.). A government employee's performance of duties that are merely ministerial in nature, however, is not cloaked with official immunity. *Norman*, 963 S.W.2d at 215. The distinction between official duties that are discretionary and those that are ministerial in nature has been described as follows:

> A ministerial act is one which a person performs in a given state of facts and in a prescribed manner in obedience to the method of legal authority, without regard to his own judgment on the propriety of the act being done. The distinction between ministerial and judicial and other official acts is that, where the law prescribes and defines the duty to be performed with such precision and certainty as to leave nothing to the exercise of discretion or judgment, the act is ministerial; but, where the act to be done involves the exercise of discretion of judgment in determining whether the duty exists, it is not to be deemed ministerial.

*Miller v. State*, 53 S.W.2d 838, 840 (Tex. Civ.App.—Amarillo 1932, writ ref'd).

■ The facts of this case establish that Kersey's alleged injuries occurred when Wilson arrested him for refusing to produce his logbook for inspection. The identical provisions of Section 395.8 of the Federal Motor Carrier Safety Regulations and section 3.62(a) of Title 37 of the Texas Administrative Code require each driver of a motor carrier to keep and retain for inspection while on duty a record of his duty status for the previous seven days. *See* 49 C.F.R. § 395.8(k)(2); 37 TEX. ADMIN. CODE § 3.62(a). As such, King and Wilson had the authority to inspect Kersey's logbook to determine whether he was complying with these requirements. The penal code provides that a person commits a class B misdemeanor by interfering with a peace officer while the peace officer is performing a duty or exercising authority imposed by law. TEX. PENAL CODE ANN. § 38.15(a)(1) (Vernon Supp.2002). Because Kersey refused to cooperate with King's and Wilson's investigation, he interfered with their public duties, an offense for which he previously entered a plea of nolo contendere.[1] *Id.; see also Kersey v.*

---

1. Because we cannot use Appellant's plea of nolo contendere against him as an admission of guilt in this case, we only note Appellant's plea of nolo contendere for purposes of establishing the finality of the facts giving rise to this civil suit. *See* TEX.CODE CRIM. PROC. ANN. art. 27.02(5) (Vernon 1989).

*State*, No. 02–00–233–CR, slip op. at 2 (Tex.App.—Fort Worth June 21, 2001, pet. ref'd) (not designated for publication).

■ An officer's decision regarding "if, how, and when to arrest a person" is discretionary. *Dent v. City of Dallas*, 729 S.W.2d 114, 116 (Tex.App.—Dallas 1986, writ ref'd n.r.e.), *cert. denied*, 485 U.S. 977, 108 S.Ct. 1272, 99 L.Ed.2d 483 (1988); *see also Davis*, 971 S.W.2d at 117–18. State law prescribes and defines the offense of interfering with public duties, an offense for which a person may be arrested. TEX. PENAL CODE ANN. § 38.15. Determining whether probable cause exists that the person has committed an offense and further determining whether the person should be arrested, however, involve personal deliberation and judgment. *See Antu v. Eddy*, 914 S.W.2d 166, 171 (Tex. App.—San Antonio 1995, no writ). As such, effecting an arrest has been held to constitute a discretionary act. *See id.; see also Davis*, 971 S.W.2d at 117–18; *Dent*, 729 S.W.2d at 116. Consequently, Officer Wilson's decision concerning whether to arrest Kersey for interfering with official duties constituted a discretionary function. Thus, we conclude that because Wilson proved as a matter of law that his arresting Kersey was a discretionary act, the trial court did not err in granting his motion for summary judgment.

## B. OFFICIAL IMMUNITY AND KERSEY'S ASSAULT ALLEGATION

■ In his response to Wilson's motion for summary judgment, Kersey also argued that Wilson could not prevail on his official immunity defense in relation to Kersey's assault allegation. Kersey specifically alleged in his response that official immunity cannot apply to his claim for assault because "under no circumstances can a peace officer have Official Immunity from committing an intentional Tort such as Assault" because it "is not within the scope of [his] authority and there is no way that [he] could have in good faith intentionally assaulted" Kersey. To the contrary, several courts have applied official immunity in cases involving allegations of intentional torts such as assault arising from police activity. *See Hudson v. Vasquez*, 941 S.W.2d 334, 336–37 (Tex.App.—Corpus Christi 1997, pet. filed) (assault); *Victory v. Bills*, 897 S.W.2d 506, 507–10 (Tex.App.—El Paso 1995, no writ) (assault and battery); *Antu*, 914 S.W.2d at 170–72 (false arrest, assault and negligent infliction of emotional distress); *Ervin v. James*, 874 S.W.2d 713, 715–18 (Tex. App.—Houston [14th Dist.] 1994, writ denied) (assault and negligence); *see also Wallace v. Moberly*, 947 S.W.2d 273, 275, 277–78 (Tex.App.—Fort Worth 1997, no writ) (claim of assault against a game warden). Consequently, we hold that official immunity does apply to allegations of intentional torts. As such, we overrule Kersey's sole point.

## V. CONCLUSION

Having determined that Wilson's arresting Kersey was a discretionary function and that the affirmative defense of official immunity applies to intentional torts, we affirm the trial court's judgment.

DAUPHINOT, J. filed a concurring opinion.

DAUPHINOT, Justice, concurring.

I respectfully disagree with the majority's holding that "[b]ecause Kersey refused to cooperate with King's and Wilson's investigation, he interfered with their public duties . . . ."

Section 38.15 of the Texas Penal Code, outlining the offense of interference with public duties, provides in subsection (d): "It is a defense to prosecution under this section that the interruption, disruption, impediment, or interference alleged consisted of speech only."[1] In the only case I have found construing section 38.15(d), Justice Onion pointed out, "It is observed that section 38.15 expressly provides in subsection (d) a defense when the interference consists of speech only. Even without this statutory defense, a verbal interference with a public servant or officer could be defended on grounds of the First Amendment to the United States Constitution."[2]

Additionally, I would point out that violation of section 395.8 of the Federal Motor Carrier Safety Regulation Act carries its own sanctions.[3] Because Kersey does not challenge the validity of his arrest, however, our discussion of the lawfulness of his arrest is unnecessary and, I believe, mere dicta that should be omitted.

---

1. Tex. Penal Code Ann. § 38.15(d) (Vernon Supp.2002).

2. *Carney v. State*, 31 S.W.3d 392, 396 (Tex. App.—Austin 2000, no pet.).

3. *See* 49 C.F.R. § 395.8(e) (2001) ("Failure to complete the record of duty activities of this section ..., failure to preserve a record of such duty activities, or making of false reports in connection with such duty activities shall make the driver and/or the carrier liable to prosecution.").