PER CURIAM.
This is an appeal by the plaintiff below from a summary final judgment entered by the Circuit Court of Dade County in favor of the defendant, City of Miami, in an action wherein the plaintiff sued the city for the wrongful death of his wife which was caused by a traffic collision between her car and one driven by one Robert Anderson who was attempting to escape arrest by police officers of the City of Miami.
Anderson was fleeing in his automobile at a high rate of speed, estimated as high as ninety-five miles per hour, through the streets of Miami and a police car was in pursuit .at approximately the same speed when Anderson ran a red traffic light at the intersection of Northwest Seventh Avenue and Twenty-ninth street and collided with the car being driven by plaintiff’s wife who had entered the intersection.
Plaintiff charged that the police officers of the city had engaged a traffic offender in a reckless, high speed chase through the city streets without regard to the safety of rightful users of the streets and that this reckless conduct was the proximate cause of the death of plaintiffs wife.
Defendant moved to dismiss the complaint on the ground that it failed to state a cause of action. The motion was denied and the defendant filed its answer setting *410 forth defenses of not guilty and contributory negligence. It was also alleged that if there was any negligence it was that of a third party not under the control of the defendant. After extensive discovery, the trial court granted the defendant’s motion for summary judgment holding that the negligence, if any, of defendant’s employees was not the proximate cause of the damages claimed by the defendant.
The question of whether the complaint stated a cause of action was determined by. the trial court when it denied the motion to dismiss the complaint. Therefore, the question for determination on the motion for summary judgment was the presence or absence of disputed facts relevant to the issues framed by the pleadings. It is only in the event of absence of such issues of fact that a summary judgment can be properly entered.[1]
The movant had the burden to show from the pleadings, depositions, interrogatories and affidavits that there was no genuine issue of fact and that the movant was entitled to a judgment as a matter of law.
Our examination of the record, viewed in the light of the holdings in Town of Mount Dora v. Bryant, Fla.App.1961, 128 So.2d 4; Evanoff v. City of St. Petersburg, Fla.App.1966, 186 So.2d 68, discloses that the movant failed to carry its burden. Therefore, we must conclude that the trial court erred in determining that there was no genuine issue of material fact and that the defendant was entitled to the judgment as a matter of law. Accordingly, the judgment appealed is reversed.
Reversed.

. Rule 1.36 Florida Rules of Civil Procedure, 30 F.S.A.; Wilson v. Bachrach, Fla.1953, 65 So.2d 546.