94 N.J. Super. 530 (1967)
229 A.2d 281
CHARLES EDWARD ROLL, INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF RUTH E. ROLL, DECEASED, PLAINTIFF-APPELLANT AND CROSS-RESPONDENT,
v.
BRUCE E. TIMBERMAN, TOWNSHIP OF HARRISON AND CORA E. MARTIN, ADMINISTRATRIX OF THE ESTATE OF WESLEY MARTIN, SR., DECEASED, JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANTS.
TOWNSHIP OF HARRISON, THIRD-PARTY PLAINTIFF-RESPONDENT AND CROSS-RESPONDENT,
v.
CORA E. MARTIN, ADMINISTRATRIX OF THE ESTATE OF WESLEY MARTIN, SR., DECEASED, THIRD-PARTY DEFENDANT RESPONDENT AND CROSS-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 14, 1966.
Supplemental Briefs Filed December 7, 1966.
Decided April 19, 1967.
*531 Before Judges GOLDMANN, KILKENNY and COLLESTER.
Mr. George F. Kugler argued the cause for plaintiff-appellant and cross-respondent (Messrs. Brown, Connery, Kulp & Wille, attorneys).
Mr. Michael A. Orlando argued the cause for third-party defendant-respondent and cross-appellant (Messrs. Orlando & Cummins, attorneys).
Mr. Sidney P. McCord argued the cause for third-party plaintiff-respondent and cross-respondent (Messrs. McCord, Farrell, Eynon & Munyon, attorneys).
*532 The opinion of the court was delivered by COLLESTER, J.A.D.
This is an appeal by plaintiff Charles Roll, individually and as executor of his wife's estate, from a judgment entered following a jury verdict awarding damages against defendants Cora Martin, administratrix of the estate of Wesley Martin, deceased (hereafter Martin's estate) and Harrison Township. Martin's estate cross-appeals.
Plaintiff brought suit against the above-named defendants and Bruce Timberman to recover for personal injury and property damage he sustained and for the wrongful death of his wife as a result of a collision between his truck and an automobile operated by Timberman which occurred shortly after 10 P.M. on March 14, 1964.
Timberman was driving his car at a high rate of speed in the southbound lane of Richwood Road, a two-lane road in Mantua Township. He was being pursued by a car operated by Wesley Martin, a police officer of Harrison Township. Martin had been trying to catch up with Timberman for two miles before the collision. As Timberman attempted to pass a pickup truck, also going southbound, he cut over into the northbound lane and collided head-on with plaintiff's oncoming motor vehicle. Plaintiff sustained personal injuries, his car was damaged and his wife killed.
In his suit plaintiff charged that Timberman was negligent in the operation of his motor vehicle; that Officer Martin was negligent in driving his car at an excessive rate of speed in his pursuit of Timberman, and that Harrison Township was liable under the doctrine of respondeat superior and for active wrongdoing. The police officer died subsequent to the accident and prior to the institution of suit. His estate was joined as a defendant. Harrison Township brought a third-party action against Martin's estate for indemnification and contribution and Martin's estate cross-claimed against Timberman for the same.
Immediately prior to trial plaintiff settled his claims against Timberman with the latter's insurance carrier and thereafter the trial proceeded against Martin's estate and *533 Harrison Township. At the trial's conclusion the court dismissed plaintiff's claim that the municipality was guilty of active wrongdoing. The case was sent to the jury on the issue of Martin's negligence and Harrison Township's liability under the doctrine of respondeat superior.
The jury returned a verdict against both defendants, awarding damages of $2,500 to plaintiff individually and $10,000 to him as executor of his wife's estate. The trial judge reduced the verdict by one-half because of plaintiff's settlement with Timberman, and entered judgment in favor of Harrison Township in the amount of $6,250 on its third-party action against Martin's estate.
Plaintiff moved for a new trial as to damages only, or in the alternative for a new trial on all issues, on the grounds that the verdict was inadequate and contrary to the weight of the evidence, and because the trial judge erred in his charge and in striking plaintiff's claim that the municipality was guilty of active wrongdoing. The motion was denied. Plaintiff appealed.
Martin's estate cross-appealed from the judgment adjudging Martin guilty of negligence and liable in damages to plaintiff and to the third-party plaintiff.
At oral argument we concluded that the primary issue in the case was whether the trial judge erred in denying defendants' motions for judgment of involuntary dismissal made at the close of plaintiff's case and upon conclusion of the trial. At our request the parties submitted supplemental briefs relating to the issue.
In support of his contention that Martin, the Harrison Township police officer, was guilty of negligence, plaintiff read into evidence testimony given by Martin at a previous trial of an indictment charging Timberman with the crime of causing death by reckless driving. He also called Timberman as a witness.
Martin was employed as a part-time police officer by the township. While on patrol duty he used his own car, which *534 was equipped by the township with a police radio, siren and a portable red flashing light.
As he patrolled Williams Road on the night of the accident, Martin came upon the Timberman car parked without lights. When Martin approached, Timberman put his lights on and took off at a high rate of speed. Martin said Timberman failed to stop at a stop sign and turned left on Ridgewood Road. The officer pursued Timberman to investigate why he had been parked without lights and had failed to stop at the stop street. The officer said he pursued Timberman for over two miles with his siren sounding and red flashing light in operation. Timberman went through a second stop street and continued at a fast rate of speed until he collided with plaintiff's car. Martin testified that although he had operated his patrol car at a speed of 90 to 100 M.P.H. he was unable to catch up with Timberman. He said he was 100 feet behind the Timberman car when the collision occurred; that he stopped his car and summoned help by radio, and endeavored to assist the injured.
Ralph Quidone, a Mantua Township police officer, and Dorothy Wingate, the Harrison Township police dispatcher, testified they heard Martin radio for assistance to intercept a speeding car he was chasing, and that they could hear his siren sounding over the radio. They also received his call for assistance after the collision occurred.
Timberman testified that he and a friend, Paul Bolts, were parked in his unlighted car on Williams Road when he saw the headlights of Martin's car approaching from his rear. He put his car lights on and drove to the intersection of Richwood Road where he turned left. He said Bolts yelled out they were being chased. He admits he drove past a stop sign and continued on at a fast rate of speed. He said he saw the pursuing car and tried to elude it by passing a pickup truck, and when he did so he collided with plaintiff's car. He testified he did not hear the siren or observe the flashing red light on Martin's car  that he didn't know Martin was a police officer.
*535 Martin's estate contends the motions for judgment of involuntary dismissal should have been granted because there was no proof of actionable negligence on the part of the police officer. This defendant alleges that the police officer had a duty to apprehend Timberman who had violated the motor vehicle laws, and that under N.J.S.A. 39:4-103 he was exempt from speed regulations while so engaged. It is argued that a police officer cannot be held liable for damages inflicted upon another by a motor vehicle which the officer was pursuing in the performance of his duties.
Plaintiff contends that the issue of Martin's negligence was for the jury to determine and that the trial judge properly denied defendants' motions for dismissal. He first argues there was no evidence presented to show that Martin's automobile was an "authorized emergency vehicle" as defined in N.J.S.A. 39:1-1 and therefore the right of way granted to a police officer engaged in the pursuit of a violator of the law under N.J.S.A. 39:4-91 does not apply. We consider this argument to be without merit. Martin's automobile was equipped by the township with a police radio, siren and flashing light. It was used by Martin in the performance of his duties as a police officer. It was a police vehicle and therefore was an authorized emergency vehicle under the statute. Moreover, N.J.S.A. 39:4-91 has no application in the present case. We are not here concerned with an issue involving the right of way of a police vehicle.
Plaintiff further argues that the jury could have found Martin negligent in pursuing Timberman at a high speed because such conduct caused the latter to drive at a reckless speed thereby causing the accident  that Martin, instead of pursuing Timberman, should have radioed ahead to other police officers to apprehend the law violator.
Police officers are charged with the duty of enforcing the motor vehicle laws. N.J.S.A. 39:5-1. They have the power to arrest without warrant when the violation takes place in their presence. N.J.S.A. 39:5-25. While engaged in the apprehension of violators of the law, or of persons charged *536 with, or suspected of, any such violation, they are exempt from speed regulations. N.J.S.A. 39:4-103.
The decisive issue in this case is whether a police officer is liable for damage caused by a vehicle operated by a fleeing law violator who is being pursued by the officer in the performance of his duty.
The precise question has not been dealt with in any of the reported decisions in our State. However, the majority view expressed in other jurisdictions in similar cases holds that the police officer is not liable. See Chambers v. Ideal Pure Milk Co., 245 S.W.2d 589 (Ky. Ct. App. 1952); Morris v. Coombs' Adm'r, 304 Ky. 187, 200 S.W.2d 281 (Ct. App. 1947); Pagels v. City and County of San Francisco, 135 Cal. App.2d 152, 286 P.2d 877 (D. Ct. App. 1955); Draper v. City of Los Angeles, 91 Cal. App.2d 315, 205 P.2d 46 (D. Ct. App. 1949); United States v. Hutchins, 268 F.2d 69, 83 A.L.R.2d 447 (6 Cir. 1959); Wrubel v. State of New York, 11 Misc.2d 878, 174 N.Y.S.2d 687 (Ct. Claims 1958).
The reasoning which underlies the rejection of liability in these cases is two-fold: (1) it is the duty of a police officer to apprehend those whose reckless driving makes use of the highway dangerous to others; (2) the proximate cause of the accident is the reckless driving of the pursued, notwithstanding recognition of the fact that the police pursuit contributed to the pursued's reckless driving. Typical of this rationale is the court's statement in Draper v. City of Los Angeles, supra:
"It is true that he [the pursued] was endeavoring to escape from them [the police] and for that reason, perhaps, was driving recklessly, but that was his affair, not theirs. Although the pursuit no doubt contributed somewhat to his reckless driving, the officers were under no duty to allow him to make a leisurely escape." (205 P.2d, at p. 48)
The policy for denying liability of a police officer in such cases is well expressed in Wrubel v. State of New York, supra:
*537 "Claimants' predication of liability on the State is founded on the novel position that the trooper, in attempting to halt one increasing the danger on the highway, did by his attempt alone increase the danger himself. To extend this position to the ultimate would require a police officer to pursue, at an otherwise lawful rate of speed, a lawbreaker traveling at an unlawful rate of speed, or to ignore him in the first place.
An operator who is speeding, or who is a reckless driver on the highway, would know that all he had to do was to go faster  and under claimants' theory escape would be possible  there would be no chase. A burglar, bank robber or any other felon could threaten to shoot and under claimants' theory escape would be possible and arrest avoided. It is fantastic to further expand claimant's theory  such thinking would place a police officer in the same category as the Marquis of Queensbury in a pier six brawl." (174 N.Y.S.2d, at p. 689)
The minority view  that liability of pursuing police officers is a jury question  is followed in Florida: Town of Mt. Dora v. Bryant, 128 So.2d 4 (D. Ct. App. 1961); Evanoff v. City of St. Petersburg, 186 So.2d 68 (D. Ct. App. 1966); Horne v. City of Miami, 190 So.2d 409 (D. Ct. App. 1966). But see the concurring opinion of Judge Barkdull in Horne stating that if this were a question of first impression in that state he would be inclined to follow the majority view. Poole v. City of Louisville, 107 Ga. App. 305, 130 S.E.2d 157 (Ct. App. 1963), relied upon by plaintiff, is distinguishable on the facts.
We are in accord with the majority view as above expressed. When Officer Martin observed Timberman violate the motor vehicle laws it became the officer's duty to apprehend him. When he pursued Timberman the officer was exempt from speed regulations. He was performing his duty when Timberman, in gross violation of the motor vehicle laws, crashed into plaintiff's car. To argue that the officer's pursuit caused Timberman to speed may be factually true, but it does not follow that the officer is liable at law for the results of Timberman's negligent speed. Police cannot be made insurers of the conduct of the culprits they chase. Chambers v. Ideal Pure Milk Co., supra, 245 S.W.2d, at pp. 590-591.
*538 We have carefully reviewed the record. We find no evidence of actionable negligence on the part of Officer Martin. His pursuit of Timberman was not the legal or proximate cause of the accident. The motions by defendants for judgment of involuntary dismissal made at the close of the case should have been granted.
The judgment entered in favor of plaintiff against Martin's estate is reversed. Since plaintiff's judgment against Harrison Township is based on the principle of respondeat superior, it is reversed. Therefore, the judgment entered in favor of the third-party plaintiff is also reversed.