145 N.J. Super. 246 (1976)
367 A.2d 464
LARRY BLANCHARD, PLAINTIFF,
v.
TOWN OF KEARNY AND JAMES HESLEN, DEFENDANTS, AND TOWN OF KEARNY, THIRD-PARTY PLAINTIFF,
v.
JOHN BARNOWSKI, SR., ET AL., THIRD-PARTY DEFENDANTS.
Superior Court of New Jersey, Law Division.
Decided November 23, 1976.
*247 Mr. Robert A. Rusignola for plaintiff Larry Blanchard (Messrs. Rusignola & Pugliese, attorneys).
Mr. Charles A. Rooney, Jr. for defendants Town of Kearny and James Heslen (Messrs. Rooney, Peduto & Rooney, attorneys).
BILDER, J.S.C.
This is a motion for summary judgment brought by a municipality and a police officer to dismiss a personal injury suit brought by a passenger in a car which was involved in an accident while being pursued by a marked police car.
Defendant James Heslen was a member of the Kearny Police Department. He alleges that on July 14, 1974 while patrolling in a marked police car, he observed that a vehicle driven by John Barnowski made a wide turn and almost struck another moving vehicle. Heslen made an unsuccessful *248 attempt to stop the Barnowski vehicle for violations of our Motor Vehicle Act.[1] There followed a high-speed chase encompassing speeds in excess of 60 mph, the running of at least one red light and eventually a collision with parked vehicles. Barnowski, the driver of the fleeing vehicle was killed, and plaintiff, his passenger, received injuries.
Although plaintiff has raised some factual disputes as to peripheral and immaterial matters, there is no genuine issue as to any material facts. The matter is ripe for summary judgment. See Judson v. Peoples Bank & Trust Co. of Westfield, 17 N.J. 67, 73-75 (1954).
It is not disputed that during the chase the Barnowski vehicle was trying to get away from the police car and in furtherance of this endeavor went through at least one red light and attained speeds of 80 to 90 mph. Nor is it disputed that during the chase Officer Heslen was operating a marked police car with its red lights flashing, and that he was pursuing the Barnowski vehicle in performance of his duties.
The instant suit has been brought pursuant to the provisions of the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq. Prior to the passage of the act, New Jersey case law held that a police officer is not liable for damage caused by a vehicle operated by a fleeing law violator who is being pursued by an officer in the performance of his duty. Roll v. Timberman, 94 N.J. Super. 530 (App. Div. 1967). This accords with the usual result in those jurisdictions where the question has been considered. Annotation, "Liability of Governmental Unit or Its Officer for Injury or Damage from Operation of Vehicle Pursued by Police," 83 A.L.R. 2d 452 (1962). The Roll case, like the instant case, involved a police chase arising from a duty to enforce the *249 motor vehicle laws. The sole question before the court in the instant case is whether the passage of the New Jersey Tort Claims Act has affected the case law immunity recognized in Roll.
N.J.S.A. 59:3-1(b) provides as follows:
b. The liability of a public employee established by this act is subject to any immunity of a public employee provided by law and is subject to any defenses that would be available to the public employee if he were a private person. [Emphasis supplied]
By this provision the Legislature has preserved to public employees the immunities previously given by case law. See Steward v. Magnolia, 134 N.J. Super. 312, 320 (App. Div. 1975). Thus, Officer Heslen remains clothed with the immunity recognized in Roll and is entitled to a dismissal.
In establishing liability of public entities for the acts of their employees,[2] the Legislature specifically excluded liability where the employee himself would not be liable.
"A public entity is not liable for an injury resulting from an act or omission of a public employee where the public employee is not liable." N.J.S.A. 59:2-2(b).
Since its employee, Officer Heslen, is not liable and is entitled to a dismissal, the Town of Kearny is similarly entitled to a dismissal.
NOTES
[1] It should be noted that Officer Heslen's right to stop the Barnowski vehicle did not depend upon any observation by him of a violation of our Motor Vehicle Act. Police officers may rightfully stop motor vehicles at random and demand production of the operator's license and registration. State v. Gray, 59 N.J. 563, 567 (1971): N.J.S.A. 39:3-29.
[2] In § 2-2(a) the Tort Claims Act adopts the general concept of vicarious liability of government units expressed in McAndrew v. Mularchuk, 33 N.J. 172, 190-196 (1960), and the doctrine of respondent superior. Comment to N.J.S.A. 59:2-2, Report of the Attorney General's Task Force on Sovereign Immunity, 211 (1972).