197 N.J. Super. 609 (1984)
485 A.2d 1066
LENA R. SMITH, ET AL., PLAINTIFFS-APPELLANTS
v.
ROSENDO NIEVES, ET AL., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 4, 1984.
Decided December 24, 1984.
*611 Before Judges ANTELL, J.H. COLEMAN and SIMPSON.
Karl A. Fenske argued the cause for appellants (Karl A. Fenske, attorney; Karl A. Fenske on the brief).
Robert M. Messina argued the cause for respondents, Town of Nutley, Department of Police, et al. (Henry S. Buchanan, attorney; Robert M. Messina on the brief).
William P. Ries argued the cause for respondents Town of Belleville, et al. (Purcell, Ries, Shannon & Mulcahy, attorneys; William P. Ries on the brief).
The opinion of the court was delivered by, ANTELL, P.J.A.D.
Plaintiffs' decedent died May 15, 1980 after his automobile had been hit by a vehicle driven by defendant Rosendo Nieves in the Town of Nutley. At the time of the collision Nieves was being chased at speeds between 60 and 90 miles per hour by police cars of the Nutley and Belleville police departments. In this death action plaintiffs appeal from orders for summary judgment entered in favor of defendant municipalities and pursuing police officers who have been sued on various theories of negligence contributing to the accident and decedent's death.
In ordering summary judgment, the Law Division relied upon Roll v. Timberman, 94 N.J. Super. 530 (App.Div. 1967), certif. den. 50 N.J. 84 (1967). Its understanding of that decision was that it created police immunity from liability for damage caused by a vehicle driven by a fleeing law violator who was being pursued by an officer in the performance of his duty. This also *612 appears to be the perception of Roll v. Timberman followed by the court in Blanchard v. Town of Kearny, 145 N.J. Super. 246 (Law Div. 1976) aff'd o.b. 153 N.J. Super. 158 (App.Div. 1977), a case identical to this, which held that the police officer's immunity thus created was expressly preserved by the New Jersey Tort Claims Act, N.J.S.A. 59:3-1(b). It further held that under N.J.S.A. 59:2-2(b) of that enactment, the municipality's liability is barred where the police officer himself is not liable.
Respectfully, we do not share the view of Roll v. Timberman held by the court below and by Blanchard. From our reading, Roll v. Timberman was not decided on a theory of immunity. After an analysis of the evidence produced during a jury trial, that court simply found "no evidence of actionable negligence" on the part of the defendant police officer. 94 N.J. Super. at 538. The officer, who was charged with the duty of enforcing the motor vehicle laws under N.J.S.A. 39:5-1, was found exempt by N.J.S.A. 39:4-103 from speed regulations while engaged in the apprehension of violators. Id. at 535-536. There being no other evidence of negligence by the officer, it was therefore decided that the mere fact he was chasing the car which caused the damage did not suffice to support an adjudication of liability. This simply means that police will not be held answerable for their non-negligent conduct of law enforcement activities. As the court said, "[p]olice cannot be made insurers of the conduct of the culprits they chase." Id. at 537. Nowhere, however, is it suggested that the determination of non-liability would have been reached had the record shown some evidence that during the chase the officer had breached a standard of care applicable to police officers in the discharge of their duty to suppress lawless conduct. Thus, the case does not provide the police officers with blanket immunity for claims based on a negligently executed pursuit.
Our analysis of Roll v. Timberman is reinforced by a study of the majority and minority cases on the subject discussed therein at 94 N.J. Super. 536-537, all of which were resolved in *613 the language of negligence and proximate cause, not in terms of immunity. See Chambers v. Ideal Pure Milk Co., 245 S.W.2d 589 (Ky. Ct. App. 1952); Morris v. Combs' Adm'r, 304 Ky. 187, 200 S.W.2d 281 (Ct.App. 1947); Pagels v. City and Cty. of San Francisco, 135 Cal. App.2d 152, 286 P.2d 877 (D.Ct.App. 1955); Draper v. City of Los Angeles, 91 Cal. App.2d 315, 205 P.2d 46 (D.Ct.App. 1949); United States v. Hutchins, 268 F.2d 69 (6 Cir.1959); Wrubel v. State of New York, 11 Misc.2d 878, 174 N.Y.S.2d 687 (Ct. Claims 1958); Town of Mt. Dora v. Bryant, 128 So.2d 4 (D.Ct.App. 1961); Evanoff v. City of St. Petersburg, 186 So.2d 68 (D.Ct.App. 1966), overruled, 226 So.2d 450 (Fla.D.Ct.App. 1969); Horne v. City of Miami, 190 So.2d 409 (D.Ct.App. 1966), rev'd, 198 So.2d 10 (Fla.Sup.Ct. 1967).
In the instant case, summary judgment was granted solely on the belief that Roll v. Timberman immunized the defendant officers against liability, regardless of negligence, and the municipalities against vicarious liability. Whether there was evidence of negligence on the part of the officers was not considered and therefore is not properly before us for review. Because, as we have explained, Roll v. Timberman does not dictate the course taken by the trial judge, we reverse the summary judgment and remand the matter for further proceedings.
The sixth count of the complaint seeks recovery from the municipalities on the ground that they "negligently, wilfully and wantonly failed to instruct [their] police officers ... in the proper, safe and lawful manner for conducting high speed chases on roadways in the State of New Jersey." Although the Town of Nutley in its separate defenses at least obscurely asserts that the "action is barred by N.J.S.A. 59:1-1 et seq.," Belleville's answer nowhere establishes its claim to any form of immunity. Since we have not been furnished with the moving or supporting papers on the motion for summary judgment, we cannot determine how the immunity issue was brought before the court. Our careful examination of the transcript, however, *614 satisfies us that plaintiffs' claim against the municipalities for failure to furnish training in high speed chases was neither considered by the court nor dealt with in its oral decision. For this further reason a reversal of the order under review is required.
Before us the defendant municipalities argue that this direct claim against them is barred by N.J.S.A. 59:2-3(d), which provides:
A public entity is not liable for the exercise of discretion when, in the face of competing demands, it determines whether and how to utilize or apply existing resources, including those allocated for equipment, facilities and personnel unless a court concludes that the determination of the public entity was palpably unreasonable. Nothing in this section shall exonerate a public entity for negligence arising out of acts or omissions of its employees in carrying out their ministerial functions.
It has been held that on a claim for the foregoing immunity the State has the burden of proving that in deciding among priorities its discretionary action was not palpably unreasonable. Brown v. Brown, 86 N.J. 565, 578-579 (1981). Also see Longo v. Santoro, 195 N.J. Super. 507, 518 (App.Div. 1984), certif. den. ___ N.J. ___ (1984). From the record before us we are unable to discern any attempt made by defendant municipalities to demonstrate the existence and nature of competing demands, the availability of resources and the factors which may have influenced their allocation. We therefore have no basis upon which to determine the merits of the municipalities' contention.
In connection herewith it is relevant to note that under N.J.S.A. 52:17B-71 the Police Training Commission, created pursuant to N.J.S.A. 52:17B-70 to promulgate police training standards,
is vested with the power, responsibility and duty: * * * To furnish approved schools, for inclusion in their regular police training courses and curriculum with information concerning the advisability of high speed chases, the risk caused thereby, and the benefits resulting therefrom.
Although the question has not been raised, we take the occasion to observe that because the exercise of judgment here *615 involved concerns operational decisionmaking rather than the formation of basic policy, it does not enjoy the immunity afforded by N.J.S.A. 59:2-3(a). See Brown v. Brown, supra, 86 N.J. at 577; Costa v. Josey, 83 N.J. 49, 59 (1980).
Reversed and remanded for further proceedings not inconsistent with this opinion.