245 N.J. Super. 153 (1991)
584 A.2d 825
MARIA LOPEZ, PLAINTIFF-RESPONDENT,
v.
THE CITY OF ELIZABETH, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 8, 1990.
Decided January 7, 1991.
*154 Before Judges LONG, R.S. COHEN and STERN.
Leonard C. Leicht argued the cause for appellant (Morgan, Melhuish, Monaghan, Arvidson, Abrutyn & Lisowski, attorneys, Elliott Abrutyn of counsel and Leonard C. Leicht on the brief).
Robert A. Scirocco argued the cause for respondent (Einhorn, Harris, Ascher & Barbarito, attorneys, Robert A. Scirocco on the brief).
The opinion of the court was delivered by R.S. COHEN, J.A.D.
Plaintiff Maria Lopez was walking across the street in Elizabeth. As she approached the opposite curb, she fell and broke her arm as a consequence of stepping into a "pothole." She sued the City of Elizabeth. A trial witness for plaintiff said the pavement in the area was in poor condition for at least three years. The City's only trial witness, the Senior Public Works Inspector, had no idea how long the condition existed. His responsibilities included inspecting streets to ascertain if any repairs were needed, but he was unaware of the pavement *155 defects where plaintiff fell until she notified the City of her intention to sue.
The jury found both the City and plaintiff responsible for plaintiff's fall, the City to the extent of 75% and plaintiff to the extent of 25%, and fixed plaintiff's damages at $100,000. Judgment was therefore entered for plaintiff for $75,000 plus prejudgment interest. Defendant appealed, and we are required to reverse, because of error in the trial judge's instructions to the jury.
Plaintiff's thesis was that the pothole that caused her fall was a dangerous condition of public property, as that phrase is used in the Tort Claims Act. N.J.S.A. 59:4-2. In order to establish her cause of action, plaintiff was obliged to satisfy the jury that (1) the public property was in a dangerous condition at the time of the injury, (2) the condition proximately caused the injury, (3) the condition created a reasonably foreseeable risk of the kind of injury that occurred, (4) either the condition was wrongfully created by an employee of the entity or the entity had actual or constructive notice long enough to have taken measures to protect against it, and (5) the action or inaction of the public entity in protecting against the condition was palpably unreasonable. Brown v. Brown, 86 N.J. 565, 575, 432 A.2d 493 (1981). Each of the five elements of the cause of action must be proven by plaintiff, including the palpable unreasonableness of the public entity's protective action or inaction. Rochinsky v. Department of Transp., 110 N.J. 399, 413, 541 A.2d 1029 (1988); Thompson v. Newark Hous. Auth., 108 N.J. 525, 528, 531 A.2d 734 (1987).
Among the defenses raised by the City was its immunity for discretionary determinations using or applying existing public resources. N.J.S.A. 59:2-3d states, in relevant part:
A public entity is not liable for the exercise of discretion when, in the face of competing demands, it determines whether and how to utilize or apply existing resources, including those allocated for equipment, facilities and personnel *156 unless a court concludes that the determination of the public entity was palpably unreasonable.[1]
N.J.S.A. 59:3-2d provides a parallel immunity for public employees.
A public entity raising the defense of resource allocation under N.J.S.A. 59:2-3d has the burden of proving not only that competing demands existed, and that a discretionary determination was made allocating resources among them, Fox v. Township of Parsippany-Troy Hills, 199 N.J. Super. 82, 90, 488 A.2d 557 (App.Div.), certif. denied, 101 N.J. 287, 501 A.2d 949 (1985), but also that the allocation decision was a proximate cause of the condition. The trial judge in the present case ruled that the public entity also had the burden to persuade the jury that its determination how to use or apply resources was not palpably unreasonable.
Because of the latter ruling, the judge faced the prospect of charging that plaintiff had the burden to prove the City acted palpably unreasonably in order to make out a cause of action under N.J.S.A. 59:4-2, and then charging that the City had the burden to prove it did not act palpably unreasonably in order to make out its affirmative defense under N.J.S.A. 59:2-3d. That is a daunting prospect. The judge resolved it by deleting proof of palpable unreasonableness as an element of plaintiff's cause of action, and by treating it in his charge solely as an element of the defense of resource allocation, to be proved by the City. In this, the judge erred.
We first note a problem that was not called either to the judge's attention at trial or to our attention on this appeal. It is that the evidence did not warrant submission to the jury of the resource allocation defense. The defense requires the City *157 to show that it faced competing demands, and that it exercised its discretion to determine "whether and how to utilize or apply existing resources." N.J.S.A. 59:2-3d. That involves deliberation and judgment: examining the facts, reaching reasoned conclusions, and acting on them in a way not specifically directed. Miree v. United States, 490 F. Supp. 768, 774 (N.D. Ga. 1980), quoted with approval in Kolitch v. Lindedahl, 100 N.J. 485, 495, 497 A.2d 183 (1985).
The totality of defendant's evidence on the subject was this: Mr. Piccollella testified that he was the only inspector employed in the Department of Public Works, and that an incidental part of his duties, which focused on issuing permits for sidewalks, driveways and curb cuts, was to look for streets and sidewalks in need of repair as he traveled around the City, and to notify the appropriate repair people. He was asked:
Q. Okay. Mr. Piccollella, do you know the reason that there is only one Public Works Inspector for the entire City of Elizabeth?
A. To my knowledge, you only have funds for one.
That was all of it.
We need not say whether Mr. Piccollella was qualified to speak to the resource allocation issue at all, in the absence of proof that he was part of or even aware of any decision-making process on the subject. It is clear, however, that "you only have funds for one" is insufficient evidence to permit a jury to conclude that the City faced competing demands and decided to use its manpower for something more pressing than inspecting potholes. There was no proof of competing demands or limited available manpower, or of a discretionary decision made to establish priorities. See Smith v. Nieves, 197 N.J. Super. 609, 614, 485 A.2d 1066 (App.Div. 1984). Plaintiff did not, however, object to submission of the defense to the jury, and the judge did not raise the objection on his own.
In addition, "you only have funds for one," if it means anything at all, suggests a discretionary determination "whether to seek or whether to provide resources necessary for the purchase of equipment, ... the hiring of personnel and, in *158 general, the provision of adequate governmental services." Such a determination is absolutely immunized from liability by N.J.S.A. 59:2-3c. It need not pass the test of palpable unreasonableness. Immunity under that provision was not, however, argued or submitted to the jury.
There is a real difference between the public entity immunities of N.J.S.A. 59:2-3c and 2-3d. The former typically involves decisions whether or not to hire people or procure material or equipment. Such decisions are made at a relatively high level of government and have traditionally been free of tort liability. The latter are lower level operational decisions how to deploy resources that are on hand. Whether to hire another pothole inspector is a N.J.S.A. 59:2-3c decision. Whether to have him first inspect the north side or the south side of town is a 59:2-3d decision. But, a worker's statement, "you only have funds for one", is insufficient proof to warrant submitting either immunity to the jury.
The jury instruction problem perceived by the judge was that plaintiff's dangerous-condition cause of action under N.J.S.A. 59:4-2 and defendant's affirmative defense of resource allocation under N.J.S.A. 59:2-3d created inconsistent affirmative burdens relating to the "palpably unreasonable" test. Plaintiff has to prove that the public entity's protective action or inaction was palpably unreasonable. However, the trial judge read Brown v. Brown, supra, 86 N.J. at 578-579, 432 A.2d 493, to hold that a public entity raising the resource allocation defense assumes the burden of persuading the jury that its choice of priorities was not palpably unreasonable. His reading is encouraged by Fox v. Township of Parsippany-Troy Hills, supra, 199 N.J. Super. at 90, 488 A.2d 557; Longo v. Santoro, 195 N.J. Super. 507, 518, 480 A.2d 934 (App.Div.), certif. denied, 99 N.J. 210, 491 A.2d 706 (1984); and Smith v. Nieves, supra, 197 N.J. Super. at 614, 485 A.2d 1066.
We disagree that Brown stands for that proposition. Brown was an appeal by the State from a jury verdict holding that a *159 portion of Route 9 in Berkeley Township was a dangerous condition of public property, that the State's protective action or inaction was palpably unreasonable, and that the State was not entitled to immunity for a discretionary decision pursuant to N.J.S.A. 59:2-3. Plaintiff's position was that the State unreasonably delayed correcting a dangerous condition. The State contended that the time lag was due to competing demands. Brown, 86 N.J. at 579-580, 432 A.2d 493.
The State's attack on the jury verdict was "predicated on the assumption that the jury could not factually on the basis of the record reach conclusions consonant with the statutory discretionary immunities." Id. at 569, 432 A.2d 493.
After a meticulous sifting of the evidence before the jury, "from the viewpoint of the facts the jury could reasonably have found," id., the Court dealt with the State's claim of immunity for resource allocation decisions under N.J.S.A. 59:2-3d. At pages 578 and 579, 432 A.2d 493, the Court said that "[t]he record substantially justifies the jury's conclusion that the determination was `palpably unreasonable,'" and that "the overwhelming evidence supports the conclusion that the Department's scheduling determination ... was palpably unreasonable." These statements seem to say (1) that the jury affirmatively found that the State made a palpably unreasonable determination, and (2) that the jury finding was substantially justified by overwhelming evidence. The quoted words can not be read to say that the State had not satisfied a burden to disprove palpable unreasonableness. The opinion does not say which party was assigned the burden of proof in the trial court's instructions or how the verdicts were worded.[2]
On the same pages, however, the Supreme Court uses language that looks the other way: "It was the State's burden to demonstrate that the items given a higher priority were more *160 critical. [citation omitted]. No satisfactory explanation was forthcoming for the low priority given to this item in relation to those placed ahead of it. In this respect the State did not show that its action was not palpably unreasonable."
That language can certainly be read to assign a burden to disprove palpable unreasonableness in N.J.S.A. 59:2-3d cases to the public entity. We do not so read it, however, for three reasons. The first is that the opinion is ambivalent on that subject. The second is that the issue was not before the Court. The third is that such a reading goes against the grain of the Tort Claims Act and creates inappropriate results.
As earlier mentioned, the State's appeal in Brown was based on the alleged insufficiency of the evidence to support the jury verdict. The State did not argue that the trial court erroneously placed a burden of proof on it. If that had happened, the State would at least have raised the objection before the Supreme Court. Similarly, plaintiff made no argument on appeal that the burden was incorrectly placed on plaintiff. The result is that the burden of proof issue was not before the Court. Moreover, since the jury affirmatively found on overwhelming evidence that the State's determination was palpably unreasonable, there was no occasion to rule whether the State had a burden to disprove a fact so resoundingly found.
The results of requiring the State in a N.J.S.A. 59:2-3d case to disprove palpable unreasonableness further confirm that the Brown Court did not intend to announce such a rule.
First, we know that, in a dangerous-condition case, plaintiff must prove that the protective action or inaction of the public entity was palpably unreasonable. We also know that here, as in Brown, the two "palpably unreasonable" tests bear on the same facts. That will frequently be the case. Accordingly, as the Brown Court put it: "the same conduct [is] to be measured in terms of palpable unreasonableness under both N.J.S.A. 59:4-2 and N.J.S.A. 59:2-3." 86 N.J. at 580, 432 A.2d 493.
*161 That measurement cannot be made by a jury that has to use two contradictory rules at the same time. Either plaintiff has the burden or defendant, but not both. The solution the trial judge here adopted had the virtue of simplicity. However, it deleted an element of plaintiff's cause of action, and thus deprived the jury, after it rejected the affirmative defense, of any standard at all by which to evaluate the City's conduct under N.J.S.A. 59:4-2. A dangerous condition known or created by a public entity does not itself create liability. The entity's palpably unreasonable response is a necessary factor. Moreover, the inapplicability of an immunity is insufficient to create liability. Ross v. Moore, 221 N.J. Super. 1, 6, 533 A.2d 398 (App.Div. 1987).
It is theoretically possible to tell a jury in a dangerous-condition case that it should find for plaintiff if plaintiff proves that the public entity's conduct was palpably unreasonable, but that if the entity proves that it made an allocation decision that was a proximate cause of the injury, then the jury should rule for the entity unless the entity fails to prove that its decision was not palpably unreasonable, in which case it should rule for plaintiff if plaintiff proves that the entity's decision was palpably unreasonable. Such an instruction would be alphabet soup, incomprehensible even to the most alert juror.[3] Moreover, the concept of "not palpably unreasonable" is convoluted and awkward. It is not found in the statute. It is only created by assignment of the burden of proof to the public entity. And the concept is not correctible by canceling the two negatives to leave "palpably reasonable." No one argues the entity has to prove its conduct palpably reasonable.
Where plaintiff seeks recovery for injuries suffered as the result of a dangerous condition of public property, and the defendant public entity or public officer raises the defense of *162 resource allocation under N.J.S.A. 59:2-3d or 59:3-2d, plaintiff retains the burden of proving that defendant's conduct was palpably unreasonable, not only on the general issue of its conduct in protecting against the dangerous condition, but also on the perhaps narrower issue of the reasonableness of the resource allocation determination.
The statutory phrase, palpably unreasonable, is a concept which the Legislature adopted from Bergen v. Koppenal, 52 N.J. 478, 480, 246 A.2d 442 (1968).[4] That was a pre-Tort Claims Act case. Plaintiffs' cause of action against Wall Township was that its police were aware in the early morning of a malfunctioning traffic light on a state highway in the Township, and that the police negligently made no effort to warn highway users of the danger. The result was a collision between two cars, both of which appeared to have a green light. The trial judge dismissed the complaint against the Township at the end of plaintiffs' case. The Appellate Division reversed, holding that, even though it was the State's roadway and traffic light, the local police had a duty to act in a reasonable manner to safeguard highway travelers, and that a jury question was presented whether they did so.
The Supreme Court affirmed, but adopted a more restrictive test for defendant's conduct. It said:
Rather we think it fair to say that a duty may be found if a police officer learns of an emergent road condition which is likely not to be observed by a motorist and which holds an unusual risk of injury. In such circumstances the municipality must act reasonably to guard the traveler until the appropriate authority, here the State's own agencies, can take over. In such an inquiry, the municipality may prove the police did not act because of competing demands upon the police force. If such proof is in the case, the jury should be instructed that, with respect to the issue of competing demands, the jury may not disagree with the police deployment judgment unless it is palpably unreasonable. [52 N.J. at 480, 246 A.2d 442].
Bergen v. Koppenal held that the municipality's conduct is to be tested against the standard of reasonableness unless it *163 proves that it was dealing with competing demands. In such a case, the municipality's "deployment judgment" prevails "unless it is palpably unreasonable." There is not a hint in the Supreme Court's opinion that by raising the issue of competing demands the municipality assumes a burden to persuade the factfinder that its conduct was not palpably unreasonable. Rather, Bergen v. Koppenal held that, in "deployment judgment" cases in which the jury is satisfied that such a determination was made and had a causal role, the municipality has the benefit of a more lenient standard of conduct, palpable unreasonableness instead of simple unreasonableness, or negligence, and does not assume the burden of exculpating itself. If the municipality fails to prove it made a deployment judgment, the test of its conduct remains simple negligence.
A rule that requires a public entity to disprove palpable unreasonableness penalizes the entity for raising the allocation defense. The reason is that the quality of entity conduct is necessarily an issue before the jury as a part of plaintiff's affirmative claim. That conduct must include any decision the entity makes in response to the conditions it faces. Resource allocation becomes a defense only if the entity proves that a decision was made and had a causal role. By raising the defense, however, the entity should not be held to have undertaken to disprove its fault, or to have eased plaintiff's burden of proof. A motorist who says he struck plaintiff's car to avoid hitting a full school bus has to prove he really made that choice, but he does not lose if he fails to prove the choice reasonable. Plaintiff car-owner still has the ultimate burden to prove defendant's conduct negligent.
The point is that, although the defense of resource allocation adds new factual assertions to the case, it does so within the overall framework of the burden of plaintiff to prove defendant guilty of substandard conduct which, in the case of a dangerous public property claim, is palpably unreasonable conduct.
The Tort Claims Act incorporates the Legislature's view

*164 that while a private entrepreneur may readily be held liable for negligence within the chosen ambit of his activity, the area within which government has the power to act for the public good is almost without limit and therefore government should not have the duty to do everything that might be done. [N.J.S.A. 59:1-2].
N.J.S.A. 59:2-3 particularly recognizes that government has no choice but to govern. A private person or firm that cannot afford the people and equipment to do a good job can withdraw rather than perform in a dangerous way. Government rarely has that option. It cannot withdraw from law enforcement if its police force is too small, from fire protection if its trucks are in poor repair, or from maintaining streets if it cannot afford to keep them in perfect condition. That is why high level discretionary policy decisions whether to burden the taxpayers to furnish equipment, material, facilities, personnel or services are absolutely immune. See N.J.S.A. 59:2-3c; Massaker v. Petraitis, 173 N.J. Super. 459, 414 A.2d 590 (App.Div. 1980). That is also why operational governmental decisions to devote existing resources to one activity at the expense of another are immune unless palpably unreasonable. N.J.S.A. 59:2-3d. The two adjoining statutory provisions exist to protect hard but necessary governmental choices. Often, they treat two sides of the same coin. If the municipal council decides it can afford only three road workers, the department head may have to decide whether to have them fix potholes or repaint faded lines on the roads, because there is not time for both. These two provisions recognizing and protecting government's dilemma are intended to operate in its favor, and not to enhance an injured person's case that arises from imperfect governmental choice.
It is appropriate to ask a public entity that seeks absolute immunity for a decision to hire three and not six road workers to prove it made the decision and that the decision had a causal role. It is similarly appropriate to ask an entity that seeks qualified immunity for an allocation decision to prove it had a pothole because it decided to repaint road lines instead of filling potholes. It is topsy-turvy, however, to require the entity to *165 incur liability if it fails to disprove the palpable unreasonableness of its choice of priorities.
Plaintiff says there are Appellate Division opinions that read Brown v. Brown, supra, to assign the public entity the burden to disprove palpable unreasonableness.[5]Longo v. Santoro, supra, 195 N.J. Super. at 518, 480 A.2d 934 does so in dictum. The case deals with the burden of proof under N.J.S.A. 59:3-2d of a public employee making an operational allocation decision. The opinion notes that an entity is deemed "not liable for an injury" except as otherwise provided by the Tort Claims Act, N.J.S.A. 59:2-1, but that a public employee is liable for causing injury to the same extent as a private person, except as provided by the statute. N.J.S.A. 59:3-1. For that reason, says Longo, "the imposition of the burden of proof upon a public employee is statutorily more justifiable." 195 N.J. Super. at 518, 480 A.2d 934.
Smith v. Nieves, 197 N.J. Super. 609, 485 A.2d 1066 (App.Div. 1984), reversed a summary judgment granted to a defendant municipality that was charged with failing to train its police officers. On appeal, for the first time, the municipality argued for resource allocation immunity under N.J.S.A. 59:2-3d. This court said there had been no attempt in the Law Division to show facts grounding the immunity claim. It reversed the summary judgment for other reasons, but said in passing: "It has been held that ... the State has the burden of proving ... its discretionary action was not palpably unreasonable," citing Brown and Longo. Id. at 614, 485 A.2d 1066. The unnecessary statement merely recited the Longo court's reading of Brown.
Fox v. Township of Parsippany-Troy Hills, 199 N.J. Super. 82, 488 A.2d 557 (App.Div. 1985), was a dangerous-condition *166 case in which this court held that plaintiff had to prove palpable unreasonableness. Plaintiffs' argument to the contrary was based on Brown. The court said that Brown "held that the public entity bears the burden of demonstrating resource allocation immunity" as a separate defense. Id. 199 N.J. Super. at 90, 488 A.2d 557. Since the municipality in Fox made no such defense, the Brown issue was not before the court, and it did not say the entity's burden includes disproof of palpable unreasonableness.
We believe our reading of Brown, although different from the Longo court's, is compelled by the language of Brown and the consequences flowing from it.
Reversed and remanded for a new trial on liability. There is no reason to disturb the damage verdict. We need not deal with plaintiff's objections to the definition of palpable unreasonableness contained in the jury charge. We do recommend reference to Kolitch v. Lindedahl, 100 N.J. 485, 493, 497 A.2d 183 (1985).
NOTES
[1] The reference to "a court" is an inadvertent leftover from the original Tort Claims Act provision that trials were nonjury. Later amendment provided that jury trial may be demanded, and the determination of palpable unreasonability is thus for the factfinder. Brown v. Brown, 86 N.J. 565, 580, 432 A.2d 493 (1981).
[2] The Appellate Division's unpublished opinion does not furnish that information, either. (A-1339-78, decided June 25, 1980.)
[3] Even Hon. A. Leon Higginbotham had trouble with it in Waldorf v. Shuta, 896 F.2d 723, 730-733 (3 Cir.1990).
[4] Our research discloses no other jurisdiction that employs the concept for any purpose.
[5] In Waldorf v. Shuta, 896 F.2d 723, 730-733 (3 Cir.1990), counsel for defendant municipality conceded that the municipality bore the burden of disproving palpable unreasonableness of a resource allocation decision. The court accepted the concession without evaluation.