622 A.2d 907

ROBIN FIELDER, PLAINTIFF–APPELLANT, v. FREDERICK S. JENKINS, TOWNSHIP OF NEPTUNE POLICE DEPARTMENT AND TOWNSHIP OF NEPTUNE, DEFENDANTS–RESPONDENTS, AND NOELLE E. STONACK, KEVIN MCGHEE AND BENNIE T. MCGHEE, DEFENDANTS.

Superior Court of New Jersey
Appellate Division

Submitted March 9, 1993—Decided March 25, 1993.

232

Before Judges PRESSLER, R.S. COHEN and KESTIN.

*Klitzman & Gallagher,* attorneys for appellant (*Gerard R. De Sapio,* Jr., on the brief).

*Carton, Witt, Arvanitis & Bariscillo,* attorneys for respondents (*Martin J. McGreevy,* of counsel; *Susan J.F. Weiss* and *James D. Carton,* IV, on the brief).

The opinion of the court was delivered by

PRESSLER, P.J.A.D.

*N.J.S.A.* 59:5–2b insulates public entities and their employees from liability for injury caused by an escaping person. In *Tice v. Cramer,* 254 *N.J.Super.* 641, 604 *A.*2d 183 (App.Div.), *certif. granted,* 130 *N.J.* 11, 611 *A.*2d 650 (1992), we held that this immunity protects police officers from claims of members of the travelling public who are injured by persons being pursued by police in a high-speed chase. We based this holding on our conclusion that the statutory immunity afforded by *N.J.S.A.* 59:5–2b was intended to preserve the common-law immunity recognized in *Roll v. Timberman,* 94 *N.J.Super.* 530, 536, 229 *A.*2d 281 (App.Div.), *certif. denied,* 50 *N.J.* 84, 232 *A.*2d 147 (1967), in which we had ruled that a police officer is not answerable in tort "for damage caused by a vehicle operated by a fleeing law violator who is being pursued by the officer in the performance of his duty." In this case, the trial judge applied the holding in *Tice* to insulate the pursuing officer and the township from liability for damage caused by the officer's alleged negligent driving, not the driving of the person being pursued. This was error.

The relevant facts of record on this improvidently granted defense motion for summary judgment are simple. Plaintiff Robin Fielder was a passenger in an automobile operated by defendant Noelle E. Stonack, which was proceeding south on Route 35 in Neptune Township. As the car approached the intersection of Routes 35 and 33, the light was green, and Stonack proceeded. Her vehicle was struck in the intersection by a patrol car of defendant Neptune Township being operated

eastbound on Route 33 by one of its police officers, defendant Frederick S. Jenkins. Jenkins, who had entered the intersection at a high rate of speed and against the light, was engaged in official duties. It appears that some short time earlier, defendant Kevin McGhee, driving a motorcycle owned by defendant Bennie T. McGhee, had been stopped for speeding in the neighboring town of Tinton Falls, and instead of submitting to the arrest, he rode off at high speed. The Tinton Falls officer pursued, requesting assistance from Neptune. Two other Neptune patrol cars responded before Jenkins did. Jenkins's was consequently the fourth police car in the chase when this accident occurred.

■ Plaintiff brought suit against, among others, Jenkins and Neptune Township, alleging that Jenkins had operated his motor vehicle negligently in the course of pursuing McGhee, even given the context of the emergency situation to which Jenkins was responding. Relying on the statutory immunity and *Tice,* Jenkins and Neptune moved for summary judgment dismissing the complaint against them. Plaintiff appeals from the order granting the motion. We reverse. In our view, the statutory immunity does not and was not intended to apply to the negligent driving of the pursuing officer. We base this conclusion on the relevant section of the Tort Claims Act, *N.J.S.A.* 59:1-1 to 59:9-7, and on the public policies which underlie it.

To begin with, *N.J.S.A.* 59:5-2b, by its express terms, affords immunity from liability for the actions of the pursued person, not the pursuing person. It states that "Neither a public entity nor a public employee is liable" for:

b.  any injury caused by:

(1) an escaping or escaped prisoner;

(2) an escaping or escaped person; or

(3) a person resisting arrest; or

(4) a prisoner to any other prisoner.

The injury here was not caused by the person eluding apprehension. It was caused by the officer who had joined the chase. As we pointed out in *Roll v. Timberman, supra,* 94 *N.J.Super.* at 536, 229 *A.*2d 281, when a person, driving recklessly because he is being pursued by police, is involved in an accident, "the proximate cause of the accident is the reckless driving of the pursued, notwithstanding recognition of the fact that the police pursuit contributed to the pursued's reckless driving." Conversely, if the pursuing police officer himself is involved in the accident, the proximate cause of the accident is, if he was driving negligently, his own conduct as a driver. To that extent he, not the person he was pursuing, caused the injury. Hence, the statutory immunity does not, by its own terms, apply, and the police officer's conduct is subject to evaluation by applicable negligence principles, to which we refer hereafter.

Moreover, as we also explained in *Roll* and confirmed in *Tice,* police officers have the duty to pursue and apprehend those who violate or are believed to have violated the criminal law. As a matter of public policy, therefore, they cannot be made insurers of the conduct of the culprits they chase and whom they are obliged by their official undertaking to pursue. That consideration is, of course, at the heart of the statutory immunity as well. This public policy, which protects the police in respect of imputed liability, has, however, no applicability to their own acts of negligence.

■ We recognize that police officers acting in the course of their duties are given statutory dispensation from compliance with traffic laws. *N.J.S.A.* 39:4–103 exempts police officers "engaged in the apprehension of violators of the law, or of persons charged with, or suspected of, a violation" from the speed regulations of Chapter 4 of Title 39. And *N.J.S.A.* 39:4–91 requires drivers to yield the right of way to a police vehicle "in the pursuit of an actual or suspected violator of the law and

when an audible signal ... is sounded...." [1] Nevertheless, police officers are not empowered, either by the statutes or by the imperative of performing their duties, to ignore the safety of the travelling public. To the contrary, *N.J.S.A.* 39:4-91 expressly provides that the statutory exemptions and dispensations do not "relieve the driver of any authorized emergency vehicle from the duty to drive with due regard for the safety of all persons, nor shall it protect the driver from the consequences of his reckless disregard for the safety of others." The question then, as is always the case in determining negligence, is whether, under the circumstances in which he found himself, defendant Jenkins was acting with that degree of care required by and appropriate to the emergency situation.

We add one final note. In *Tice,* we suggested that an additional source of immunity for the police officer whose pursuit ends in injury inflicted by the pursued person upon a member of the public might be found in *N.J.S.A.* 59:3-3, which affords immunity to a public employee who "acts in good faith in the execution or enforcement of any law." We are satisfied, however, that this section does not apply to negligent operation by a police officer of his patrol car. There is nothing either in the text or the legislative history of the Tort Claims Act suggesting any legislative intent to repeal the imposition of the duty of due care in emergency situations imposed by *N.J.S.A.* 39:4-91.

The summary judgment dismissing the complaint against defendants Neptune Township and Frederick S. Jenkins is reversed and we remand for further proceedings.

---

[1] The record discloses considerable dispute between the parties and among other witnesses to the accident as to whether and, if so, when the police car's siren had been activated.