**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4405-17T3

J.S.,

    Plaintiff-Appellant,

v.

CITY OF RAHWAY,

    Defendant-Respondent.

_____

Submitted February 26, 2019 – Decided April 11, 2019

Before Judges Gilson and Natali.

On appeal from Superior Court of New Jersey, Law Division, Union County, Docket No. L-0851-16.

Nemergut & Duff, attorneys for appellant (Paul J. Nemergut III, of counsel and on the brief; Jeffrey Zajac, on the briefs).

Rainone Coughlin Minchello, LLC, attorneys for respondent (Brian P. Trelease, of counsel and on the brief; Conor J. Hennessey, on the brief).

PER CURIAM

This appeal arises from a trip and fall on public property. Plaintiff J.S.[1] appeals from a May 1, 2018 order granting summary judgment to defendant, City of Rahway (City). The trial court held that the City was not liable under the Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3, because plaintiff had failed to present a prima facie claim for liability based on a dangerous condition of the property, and the City had discretionary immunity. We agree and affirm.

I.

We take the facts from the summary judgment record and view them in the light most favorable to plaintiff, the non-moving party. See Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 405-06 (2014) (first quoting R. 4:46-2(c); then quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995)). In the early morning hours of July 7, 2014, plaintiff was jogging through the City. At approximately 5:45 a.m., he was running on the sidewalk on East Milton Avenue just in front of City Hall. As he jogged along, his left foot hit a raised portion of the sidewalk causing him to trip and fall. As a result of the fall, plaintiff injured his face, teeth, hands, and knees.

It was undisputed that it was light enough for plaintiff to see, since the sun had risen at approximately 5 a.m. Plaintiff testified that he did not see the

---

[1] We use initials to protect plaintiff's privacy interests.

A-4405-17T3

raised portion of the sidewalk prior to striking it with his foot. Plaintiff also testified that he had run that same route for the last two weeks prior to his fall.

During discovery, plaintiff produced an expert report concerning his fall. Plaintiff's expert had visited the site of the accident and described the area where plaintiff fell as a combination of concrete slabs and brick pavers, with the pavers spaced approximately eleven to thirteen feet apart. The expert described the brick pavers where plaintiff fell as "severely displaced and raised [one and one-quarter] inches above the adjacent concrete[.]"

Plaintiff's theory was that the City had notice of the raised sidewalk because twenty months prior to his fall, in November 2012, a woman had tripped on another portion of sidewalk on the Main Street side of City Hall. That woman filed a personal injury lawsuit against the City, and during that litigation, numerous City employees became aware of the woman's accident on the Main Street sidewalk. An expert report prepared in that case opined that that woman's fall was caused by a one-and-one-half-inch height differential between two concrete slabs. Plaintiff's fall on the sidewalk on East Milton Avenue occurred approximately 130 feet from where the woman fell on the Main Street sidewalk.

In March 2016, plaintiff filed a complaint against the City alleging that it had negligently maintained its property, that is, the sidewalk, which caused

A-4405-17T3

plaintiff to fall and injure himself. The City filed an answer and, among other defenses, asserted that the TCA barred plaintiff's claims.

The parties then engaged in and completed discovery. Following the close of discovery, the City filed a motion for summary judgment. The trial court heard oral arguments. Thereafter, on May 1, 2018, the trial court entered an order granting summary judgment to the City. The court supported that order with a written opinion.

In its decision, the trial court held that the City was not liable because plaintiff had not presented any evidence that the City had actual or constructive notice of the alleged dangerous condition that caused plaintiff to trip and fall. The court also found that plaintiff had presented no evidence that the City's acts or omissions were palpably unreasonable. In addition, the trial court concluded that the City was entitled to discretionary immunity under the TCA in accordance with N.J.S.A. 59:2-3(d) because the decision to repair certain sidewalks was discretionary and required the City to consider competing demands in the face of limited resources.

II.

Plaintiff appeals and makes two arguments. First, he contends that he did present a prima facie case of liability under the TCA. In that regard, he asserts

that the City was on notice because of the prior lawsuit by the woman who had tripped and fallen in 2012. He also contends that he satisfied the palpably unreasonable requirement. Second, plaintiff argues that the City was not entitled to discretionary immunity under N.J.S.A. 59:2-3.

Plaintiff made these same arguments before the trial court, and Judge Mark P. Ciarrocca analyzed and correctly rejected them in a May 1, 2018 written opinion. We affirm substantially for the reasons explained in Judge Ciarrocca's thorough opinion.

In reviewing an order granting summary judgment, our standard of review is de novo and we apply the same standard that governed the trial court's ruling. Conley v. Guerrero, 228 N.J. 339, 346 (2017) (citing Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co., 224 N.J. 189, 199 (2016)). Under that standard, summary judgment will be granted if, viewing the evidence in the light most favorable to the non-moving party, "there is no genuine issue of material fact and 'the moving party is entitled to a judgment or order as a matter of law.'" Ibid. (quoting Templo, 224 N.J. at 199); accord R. 4:46-2(c).

Here, the City is a public entity that is liable for its negligence only to the extent permitted by the TCA. N.J.S.A. 59:1-2 to -3; N.J.S.A. 59:2-1(a); see Ogborne v. Mercer Cemetery Corp., 197 N.J. 448, 452 (2009) (applying the TCA

to claims brought against the City of Trenton).  The requirements for holding a public entity liable for the dangerous conditions of public property are set forth in N.J.S.A. 59:4-2.  Under that provision, a plaintiff must demonstrate that (1) a dangerous condition existed on the property at the time of the injury; (2) the dangerous condition proximately caused the injury; (3) the dangerous condition created a foreseeable risk of the kind of injury that occurred; (4) the public entity had actual or constructive notice of the condition in sufficient time prior to the injury to correct the dangerous condition; and (5) the action or inaction taken by the public entity to protect against the dangerous condition was palpably unreasonable.  See N.J.S.A. 59:4-2; Polzo v. Cty. of Essex, 209 N.J. 51, 65-66 (2012) (first quoting N.J.S.A. 59:4-2; then citing Vincitore v. N.J. Sports & Exposition Auth., 169 N.J. 119, 124-25 (2001)); Muhammad v. N.J. Transit, 176 N.J. 185, 194 (2003) (quoting N.J.S.A. 59:4-2).

Here, Judge Ciarrocca found that plaintiff could not satisfy the fourth or fifth criteria because there was no evidence that the City had actual or constructive notice of the alleged defective condition of the sidewalk, and there was no showing that a failure to act or not act with regard to the sidewalk was palpably unreasonable.  A public entity has actual notice of a dangerous condition if it has "actual knowledge of the existence of the condition and knew

or should have known of its dangerous character." N.J.S.A. 59:4-3(a). A public entity has constructive notice of a dangerous condition "if the plaintiff establishes that the condition had existed for such a period of time and was of such an obvious nature that the public entity, in the exercise of due care, should have discovered the condition and its dangerous character." N.J.S.A. 59:4-3(b); accord Patrick ex rel. Lint v. City of Elizabeth, 449 N.J. Super. 565, 572-73 (App. Div. 2017) (quoting N.J.S.A. 59:4-3(b)).

Plaintiff argues the City had notice of the raised bricks on the East Milton Avenue sidewalk based on its actual knowledge that a woman fell on the sidewalk in 2012. Even granting all favorable inferences to plaintiff, he has not shown that the City had actual or constructive notice of the raised bricks on the East Milton Avenue sidewalk. The woman who fell in 2012 fell on the sidewalk on Main Street and plaintiff's fall occurred at least 130 feet away, on East Milton Avenue. Moreover, the woman who fell in 2012 tripped on elevated slabs of concrete, while plaintiff alleges that his fall was caused by raised paver bricks.

Plaintiff has also not demonstrated that the City's action or inaction to protect against the alleged dangerous condition was palpably unreasonable. "[P]alpably unreasonable implies behavior that is patently unacceptable under any circumstances and that . . . must be manifest and obvious that no prudent

person would approve of its course of action or inaction." Patrick ex rel. Lint, 449 N.J. Super. at 573 (alterations in original) (quoting Holloway v. State, 125 N.J. 386, 403-04 (1991)). The question of palpable unreasonableness "may be decided by the court as a matter of law in appropriate cases." Maslo v. City of Jersey City, 346 N.J. Super. 346, 350 (App. Div. 2002) (citing Garrison v. Twp. of Middletown, 154 N.J. 282, 311 (1998)); see also Muhammad, 176 N.J. at 200.

Here, plaintiff argues that it was palpably unreasonable for the City not to fix the raised brick pavers on the East Milton Avenue sidewalk based on its knowledge that a woman had fallen in 2012 on the Main Street sidewalk. Alternatively, plaintiff argues that the question of whether the City's inaction was palpably unreasonable is a question of fact that should be submitted to the jury.

We agree with Judge Ciarrocca, who concluded that no reasonable jury could find that the City's failure to repair the raised bricks at issue here was palpably unreasonable. The City did not have actual or constructive notice that the bricks were elevated. Therefore, the City's failure to correct that condition without prior notice was not palpably unreasonable, and does not require a jury determination. See Maslo, 346 N.J. Super. at 351.

We also agree with Judge Ciarrocca's alternative ruling that the City had discretionary immunity under the TCA. N.J.S.A. 59:2-3(d) establishes immunity for discretionary determinations concerning the use of public resources. In relevant part, the statute provides:

> A public entity is not liable for the exercise of discretion when, in the face of competing demands, it determines whether and how to utilize or apply existing resources, including those allocated for equipment, facilities and personnel unless a court concludes that the determination of the public entity was palpably unreasonable.
>
> [N.J.S.A. 59:2-3(d).]

Accordingly, "operational governmental decisions to devote existing resources to one activity at the expense of another are immune unless palpably unreasonable." Lopez v. City of Elizabeth, 245 N.J. Super. 153, 164 (App. Div. 1991) (citing N.J.S.A. 59:2-3(d)).

To qualify for the immunity, a public entity must demonstrate that (1) competing demands existed when the governmental decision was made, (2) the discretionary decision allocated existing resources between competing demands, and (3) the allocated decision was a proximate cause of the resulting condition. Id. at 156 (citing Fox v. Twp. of Parsippany-Troy Hills, 199 N.J. Super. 82, 90 (App. Div. 1985)).

A-4405-17T3

Here, the City was entitled to summary judgment on the issue of discretionary immunity, as the record on summary judgment established that the decision of the City to withhold resources from less severely damaged sidewalks in favor of repairing more severely damaged sidewalks was not palpably unreasonable. Moreover, the resource-allocation decision directly affected the East Milton Avenue sidewalk because the City did not know the sidewalk had been damaged. In his written decision, Judge Ciarrocca provided a thorough explanation of the undisputed material facts establishing the City's discretionary immunity. Those facts were supported by undisputed evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4405-17T3