**Harlon COPELAND, in his Official Capacity as Sheriff and Nancy Baeza, Individually & in her Official Capacity as Bexar County Sheriff's Deputy, Appellants,**

v.

**Patricia Neef BOONE & Ronald W. Boone, Appellees.**

No. 04–93–00189–CV.

Court of Appeals of Texas, San Antonio.

Sept. 8, 1993.

**56**

Steven C. Hilbig, Cr. Dist. Atty., Susan A. Bowen, and Edward Schweninger, Asst. Cr. Dist. Attys., Civ. Section, San Antonio, for appellants.

James M. Heidelberg and Stacy C. Ferguson, Schulman, Walheim, Beck & Heidelberg, San Antonio, for appellees.

Before BUTTS and RICKHOFF, JJ., and PRESTON H. DIAL, Jr., Assigned Justice.[1]

### OPINION

PRESTON H. DIAL, Jr., Assigned Justice.

This is an interlocutory appeal from the denial of a motion for summary judgment. Section 51.014(5) of the Texas Civil Practice and Remedies Code permits such an appeal where the motion for summary judgment is based on an assertion of immunity by an *individual who is an officer or employee of a political subdivision of the State.* TEX.CIV. PRAC. & REM.CODE ANN. § 51.014(5) (Vernon

Supp.1993). The assertion of immunity was made by both appellant Harlon Copeland, Sheriff of Bexar County, and appellant Nancy Baeza, a deputy sheriff of Bexar County.

Patricia Boone and her husband Ronald Boone sued Copeland and Baeza in their official and individual capacities for the unlawful arrest and false imprisonment of Mrs. Boone and for failing to take her before a magistrate.

The lawsuit grew out of a traffic citation issued to Mrs. Boone by a Bexar County Deputy Sheriff. Mrs. Boone alleged in her petition that she appeared before a justice of the peace who informed her that the case was dismissed and wrote "dismissed" on her citation. Approximately ten months later appellant Baeza appeared at Boone's residence. She arrested Boone on a warrant based on the prior citation, refused to consider Boone's explanation about the dismissed citation, and transported her to jail where she was booked and incarcerated. At no time was Boone allowed to appear before a magistrate.

Copeland and Baeza filed a motion for summary judgment contending that the plaintiffs' claims against them in their official capacities were barred by sovereign immunity. They further contended that the plaintiffs' claims against them in their individual capacities were barred by the doctrine of qualified immunity. The trial court granted summary judgment for Copeland in his individual capacity. In all other respects the judgment was denied.

The appellants bring two points of error. Under point of error one, Baeza contends that the trial court erred in denying her summary judgment in her individual capacity based on her defense of "qualified" or "official" immunity.[2]

When a defendant is a movant for summary judgment based on an affirmative defense, all elements of the affirmative defense must be proved as a matter of law.

---

1. Assigned to this case by the Chief Justice of the Supreme Court of Texas pursuant to TEX.GOV'T CODE ANN. § 74.003(b) (Vernon 1988).

2. The terms "qualified immunity" and "official immunity" appear to have been used inter-

changeably in some Texas courts. *See Travis v. City of Mesquite,* 830 S.W.2d 94, 100–01 n. 2 (Tex.1992) (Cornyn, J., concurring) for discussion and collection of cases. We prefer and will utilize the term "official immunity."

*City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979).

■ In order to establish entitlement to the affirmative defense of official immunity, three elements must be shown:

(1) the governmental employee must be acting within the scope of his authority;

(2) he must be acting in good faith; and

(3) the acts must be "quasi-judicial" or discretionary in character requiring personal deliberation, decision and judgment rather than ministerial acts requiring only obedience to orders.

*Baker v. Story,* 621 S.W.2d 639, 644–45 (Tex. Civ.App.—San Antonio 1981, writ ref'd n.r.e.).

The affidavit of Baeza attached as evidence to the motion for summary judgment is quoted in pertinent part:

At approximately 6:50 p.m. I arrived at the Boone's residence. Upon arrival, I went up to her front door and knocked. Someone answered the door. I asked for Patricia N. Boone and she came to the door.

The usual procedure is that I identify myself as a Bexar County Deputy Sheriff. I then ask the subject if she is the person in question. If she said yes, I would then advise her that I had a warrant for her arrest. I then would tell her what the warrant was for and in what amount the bond was set.

Usually, people will try to explain the circumstances of the warrant. However, I have no authority to dismiss the warrant. Once contact is made with the wanted person, it is my duty to execute the warrant and transport the subject to jail.

Ms. Boone tried to explain the circumstances of her warrant. I told her that there was not anything that I could do. The criminal justice information system indicated that her warrant was active. I told her that she would have to go to court to clear the matter up. . . .

I took Ms. Boone to the Bexar County Adult Detention Center. I took Ms. Boone to the booking section. First she was patted down by a detention officer. After that, I escorted Ms. Boone to the identifi-

cation section. The I.D. officer on duty took the warrant and checked once again to determine if the warrant was still active. The I.D. officer also found that the warrant against Ms. Boone was still active.

I filled out a booking slip for Ms. Boone which was also signed by the I.D. officer. I then took Ms. Boone back to the booking section where I turned her and the booking slip over to the booking officer. I then left the Bexar County Adult Detention Center and went back into the field to continue my duties.

■ Baeza concedes that she must establish the three pronged-criteria to qualify for official immunity. There is no dispute that she was acting within the scope of her official duties. Establishing the other two prongs proves much more difficult.

Baeza puts herself inextricably into a maze. To demonstrate that she acted in good faith, she argues that an officer with a warrant has a clear duty to arrest the person named in the warrant. It is not her responsibility to determine whether or not the order of arrest was wrongfully issued. This argument does not describe acts that are quasi-judicial or discretionary in character. These acts required no deliberation, only obedience to orders of the court. They describe the performance of the duty as to which Baeza was left no choice of her own.

■ Jailers and sheriffs act ministerially in receiving and caring for prisoners. *Baker v. Story,* 621 S.W.2d at 645. Baeza apparently acted ministerially in arresting Boone and processing her in the jail. At the very least Baeza has raised a fact issue as to the character of her actions.

The cases cited by Baeza for the proposition that a deputy sheriff is entitled to official immunity, *Travis v. City of Mesquite,* 830 S.W.2d 94, 102 (Tex.1992), and *Dent v. City of Dallas,* 729 S.W.2d 114, 117 (Tex.App.—Dallas 1986, writ ref'd n.r.e.), *cert. denied,* 485 U.S. 977, 108 S.Ct. 1272, 99 L.Ed.2d 483 (1988), are distinguishable. *Travis* involved the decision of a police officer to engage in a high-speed chase where the pursued vehicle collided with a third party. *Dent* involved

the decision of a police officer, who had probable cause to arrest a subject without a warrant, to wait for back-up assistance. The suspect sped off and collided with a third party.

The officers' decision to arrest and the manner of effecting the arrest involved discretion not called for in the execution of an arrest warrant issued by a court.

We accept Baeza's summary judgment evidence that is favorable to the non-movant as true. *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984). We find that she has failed to establish as a matter of law that her conduct was discretionary or quasi-judicial in nature. She, therefore, has failed to establish, as a matter of law, her affirmative defense of official immunity. Point of error one is overruled.

Under point of error two Copeland and Baeza contend that the trial court erred in denying them summary judgment in their official capacities based on sovereign immunity.

■ Both parties confuse sovereign immunity and official immunity. Chief Justice Cadena succinctly described the doctrine of sovereign immunity in *Baker v. Story:*

> Historically, this doctrine, as its name implies, shields the sovereign from liability. Where the question concerns the liability of a governmental officer or employee, rather than the liability of the sovereign itself, the problem is one of official immunity, not sovereign immunity.

621 S.W.2d at 643.

■ The doctrine of official immunity has been set out above and the criteria for its applicability. There is no immunity other than official immunity that shields governmental officers or employees who are sued in their official capacities. Appellants' cite no authority that would affirmatively grant them "sovereign" immunity.

The appellants do cite the entire Texas Tort Claims Act, TEX.CIV.PRAC. & REM.CODE ANN. § 101.001 *et seq.,* and argue that none of its provisions waive immunity as to them. The fact that the Texas Tort Claims Act does not waive the appellants' immunity is not a showing that the appellants enjoy any immunity other than when they qualify for official immunity.

The only part of the Texas Tort Claims Act pertinent to this appeal is section 101.026 which states, "To the extent an employee has individual immunity from a tort claim for damages, it is not affected by this Chapter." TEX.CIV.PRAC. & REM.CODE ANN. § 101.026 (Vernon 1986). Whatever immunity appellants enjoy is unaffected by the Texas Tort Claims Act. It certainly is no source of immunity.

Summary judgment is proper when the movant establishes entitlement to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). This the appellants have failed to do. Point of error two is overruled.

The order denying summary judgment is affirmed.

BUTTS, concurs and files an opinion.

BUTTS, Justice, concurring.

I agree that the affidavit of officer Baeza does not support the defense of qualified immunity. The majority opinion is concerned only with a summary judgment which is based on the alleged qualified immunity. However, it is noteworthy that the pleadings in the case and the motion for summary judgment touch on another defense: the *ministerial duty of Baeza.* Therefore, there is also a question whether the affidavit can be said to support the defense of official immunity based on performance of a ministerial duty. It is clear that TEX.CIV.PRAC. & REM.CODE ANN. § 51.014(5) (Vernon Supp. 1993) does not limit the immunity defense in a summary judgment interlocutory appeal to "qualified" immunity only; it includes any official immunity.

Although the general rule is that a public officer may not be liable for damages in the performance of a purely ministerial duty, a recognized exception is when there is negligent performance of a ministerial duty. Under the facts of this case, while the defense of ministerial duty may have been presented, the trial judge properly could have rejected

this immunity defense in the face of a negligence question. Those matters may be determined at trial.

In addition, since this interlocutory appeal is permitted only by a statute which strictly curtails jurisdiction, the "notice" question raised by the pleadings cannot be considered by the appellate court. Therefore, I concur in the affirmance.