**CITY OF SAN ANTONIO, Appellant,**

**v.**

**Monique DUNCAN, Individually and as Representative of the Estate of Jonathan Paul Jones, Deceased, Appellee.**

**No. 04–95–00685–CV.**

Court of Appeals of Texas, San Antonio.

Nov. 27, 1996.

Rehearing Overruled Nov. 27, 1996.

**64**

Darrell Frank Smith, Darrell Frank Smith, P.C., San Antonio, for Appellant.

Andrew E. Toscano, Toscano & Schaufel, P.C., C. Kendall Harrell, Law Offices of C. Kendall Harrell, P.C., San Antonio, for Appellee.

Before STONE, HARDBERGER and DUNCAN, JJ.

## ON APPELLANT'S MOTION FOR REHEARING

HARDBERGER, Justice.

This interlocutory appeal questions whether police officers are immune from liability for damages arising from their decision not to arrest an intoxicated person with outstanding arrest warrants. We affirm that portion of the judgment addressing warrants, and reverse and render that portion of the judgment addressing intoxication. Appellant, the City of San Antonio, filed a motion for rehearing concerning our October 30, 1996 opinion. We deny the motion, but we withdraw our earlier opinion to clarify the status of Katrina Jones in this appeal.[1]

### Summary of Facts

San Antonio police officers Robert Tennis and Anthony Powers found the stalled vehicle of Jonathan Paul Jones partially blocking a highway exit ramp. Monique Duncan was seated in the front passenger seat, apparently ill or intoxicated. She told the officers that Jones had gone to find gas. When Officer Milton Wiggs arrived to control traffic, Officer Tennis left the scene but returned after he found Jones walking along the access road with a can of gasoline. After pouring the gas into the car, Jones walked onto the access road, where he was struck and killed by an oncoming car.

Duncan sued the City in her individual and representative capacity, alleging that its officers were negligent in failing to (1) administer sobriety tests, (2) arrest Jones, (3) restrain him with handcuffs, and (4) place him in a police car. The City moved for summary judgment based on official immunity, and the trial court denied the motion.[2] On appeal, the City contends in a single point of error that the trial court erred in denying its motion. *See* TEX. CIV. PRAC. & REM.CODE

---

1. Between the time the City filed its motion and the time the trial court ruled on it, Katrina Jones intervened in Monique Duncan's suit on behalf of Jonathan Jones' minor children. The order at issue in this appeal is limited to Duncan. However, our holding in this case may effect the summary judgment that was later granted in the City's favor against Katrina Jones. *See Hudson*

*v. Wakefield,* 711 S.W.2d 628, 630 (Tex.1986) (explaining that the law of the case is established when a question of law is determined on appeal by a court of last resort).

2. See n. 1 *supra.*

ANN. § 51.014(5) (Vernon Supp.1996) (authorizing interlocutory appeal).[3]

## Standard of Review

The City has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex.1985). It must conclusively prove each element of its immunity defense as a matter of law. *Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex. 1984); *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994). Evidence favorable to the nonmovant, Duncan, is taken as true and every reasonable inference is resolved in her favor. *Nixon,* 690 S.W.2d at 548–49.

## Official Immunity

■ To protect its own sovereign immunity, the City may rely on the official immunity of its police officers. *See DeWitt v. Harris County,* 904 S.W.2d 650, 654 (Tex.1995); *Antu v. Eddy,* 914 S.W.2d 166, 174 (Tex. App.—San Antonio 1995, no writ). The police officers are entitled to official immunity when performing (1) discretionary duties (2) in good faith (3) within the scope of their authority. *Chambers,* 883 S.W.2d at 653. Here, the parties agree that the officers acted with good faith within the scope of their authority. *See Gallia v. Schreiber,* 907 S.W.2d 864, 869–71 (Tex.App.—Houston [1st Dist.] 1995, no writ) (officers on patrol acted within authority and expert testimony established good faith). Thus, our discussion is limited to whether they were performing discretionary or ministerial acts. *See Antu,* 914 S.W.2d at 170.

Discretionary actions require personal deliberation, decision, and judgment; ministerial actions require obedience to orders or the performance of a duty to which the actor has no choice. *Chambers,* 883 S.W.2d at 654. Our focus is on whether the officer is performing a discretionary function, not on whether the officer has discretion to do an allegedly wrongful act while discharging that function. *Id.* at 653.

The City contends that decisions to investigate and to arrest are discretionary. While Duncan agrees with this general proposition, she maintains that the City's officers had a ministerial duty to arrest and confine Jones once they discovered that he was intoxicated and had outstanding warrants.

### a. Intoxication

In their summary judgment affidavits, the officers said that "Jones did not appear to be *so* intoxicated as to warrant his arrest." (Emphasis added). Because the officers admitted that Jones was intoxicated, Duncan maintains they had no choice but to arrest him.

■ Duncan relies on the police department's operating procedures in effect at the time of Jones' death:

> Officers use their discretion in deciding whether to handcuff certain prisoners.... The following prisoners are handcuffed in all cases ... Persons who are *intoxicated* ....

(Emphasis added). Similarly, the City's police chief, Al Philippus, testified in deposition that an officer has no discretion whether to handcuff an intoxicated prisoner.

However, by definition, the guidelines discussed by Philippus apply to "field custody prisoners," that is, persons who have been arrested. This standard operating procedure does not address whether the officers had discretion to make an arrest in the first place.

■ The decision of when and how to arrest a suspect is discretionary. *Antu,* 914 S.W.2d at 171; *see also Dent v. City of Dallas,* 729 S.W.2d 114, 117 (Tex.App.—Dallas 1986, writ ref'd n.r.e.). Thus, the decision to arrest or not arrest an intoxicated individual is also discretionary. *City of Columbus v. Barnstone,* 921 S.W.2d 268, 273 (Tex. App.—Houston [1st Dist.] 1995, n.w.h.); *Gallia,* 907 S.W.2d at 869.

---

**3.** The City also complains that Duncan failed to state a claim under the Texas Tort Claims Act. That issue is not before us. *City of Irving v. Pak,* 885 S.W.2d 189, 191–92 (Tex.App.—Dallas 1994, dism'd w.o.j.).

We therefore hold that the City's police officers had no duty to arrest Jones simply because he was intoxicated. Accordingly, we partially sustain the City's point of error.

### b. Warrants

■ Duncan also contends that the officers had a ministerial duty to arrest Jones because they knew he had outstanding warrants.

The police department's operating procedures provide that "[w]henever an officer has lawfully stopped or otherwise detained and identified a person, he concurrently with the detention initiates a records check to determine whether any arrest warrant is outstanding against the person." If warrants are found, Philippus said the officer should immediately arrest the individual:

A. ... [A] person identified as having an arrest warrant we take them into custody. *There is no—there is no discretion.*

. . . .

Q. And with regards to the arresting officer[,] does he have any discretion as far as making that arrest?

A. No.

(Emphasis added). The operating procedures require "every officer to execute an arrest warrant whenever it is within his power to do so."

■ In *Copeland v. Boone,* 866 S.W.2d 55, 58 (Tex.App.—San Antonio 1993, writ dism'd w.o.j.), this court held that executing a warrant pursuant to a trial court order was a ministerial act. We explained that the mere execution of a warrant differs from the decision to pursue a suspect for whom the officer has probable cause to arrest. *Id.* at 57–58.

The *Copeland* holding is supported by the language of the Code of Criminal Procedure, which defines "warrant of arrest" as a written order directed to a peace officer *"commanding him* to take the body of the person accused of an offense." Tex.Code Crim. Proc. Ann. art. 15.01 (Vernon 1977) (emphasis added). The Code further directs, in part, that "[t]he officer or person executing a warrant of arrest shall without unnecessary delay take the person or have him taken before the magistrate who issued the warrant." *Id.* art. 15.16.

In this case, each police officer stated in his affidavit that *"[w]hile* the other San Antonio Police Department personnel and I were performing the functions of checking the vehicle driver information by radio and directing traffic around the vehicle ..., Jonathan Paul Jones walked away from his vehicle and onto the access road parallel to Loop 410." (Emphasis added). This statement suggests that the officers did not know about Jones' outstanding warrants at the time of his accident.

However, Duncan testified to the contrary:

They then asked him for his driver's license and they also looked up the driver's license plate of the vehicle.... I remember that the officer from—who was sitting in the vehicle, looking up the numbers, called out to the officer that it looked like he had warrants out and it looked like the car itself—that there were other warrants on the car—on the license plate. And he yelled it out very anxiously. And the other officer—they both approached him—they both walked up and approached him.

And Jonathan did ask, "Are you sure, Officer? Are you positive that you have the right number? Because I don't recall or I'm not aware of warrants that are out there."

When viewed in the light most favorable to Duncan, the summary judgment evidence shows that the officers knew about Jones' outstanding warrants before he walked onto the access road. According to Philippus, the City's operating procedures, and our holding in *Boone,* the police officers had no choice but to take Jones into custody. We conclude that a fact issue exists as to whether the officers had a ministerial, rather than a discretionary, duty to arrest Jones. Accordingly, we partially overrule the City's point of error.

### Conclusion

Because we hold that the City's police officers had no duty to arrest Jonathan Jones for intoxication, we reverse the trial court's order insofar as it denies the City summary

judgment for causes of action arising out of the decisions by Officers Tennis, Powers, and Wiggs not to arrest him for intoxication. We render partial judgment that Monique Duncan take nothing from the City on any claim arising out of the investigation or arrest of Jonathan Jones for intoxication. *See Antu,* 914 S.W.2d at 174.

Because we hold that a fact issue exists as to whether the City's officers had a duty to arrest Jones pursuant to any outstanding warrants, we affirm the trial court's order insofar as it denies the City summary judgment for causes of action arising out of the decisions by Officers Tennis, Powers, and Wiggs not to arrest Jones for outstanding warrants.