Office of the Attorney General · State of Texas



October 3, 2000

The Honorable Florence Shapiro
Chair, State Affairs Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0289

Re: Whether a protective order may permit a perpetrator of family violence to collect his personal property from the residence he shared with his victim: Clarification of Attorney General Opinion JC-0112 (1999) (RQ-0231-JC)

Dear Senator Shapiro:

You have asked this office two questions relating to the statutes considered in Attorney General Opinion JC-0112. That opinion considered whether article 5.045 of the Code of Criminal Procedure protected law enforcement personnel who accompanied victims of domestic violence to their residences to obtain personal property from liability for claims arising from this so-called "civil standby." It concluded that article 5.045 did provide such protection from liability, and that it was specifically intended to do so. See Tex. Att'y Gen. Op. No. JC-0112 (1999) at 1. On the other hand, however, it concluded that article 5.045 would not provide immunity to a police officer who brought a perpetrator of family violence back to the family residence: "An escort of a perpetrator of family violence to the residence shared with the victim, *whether or not it violates the terms of a protective order*, is not the provision of standby assistance contemplated by article 5.045 of the Code of Criminal Procedure." *Id.* at 6 (emphasis added).

In light of Attorney General Opinion JC-0112, you ask first whether a judge may include in a domestic violence protective order a provision permitting the perpetrator to go to the family residence accompanied by a police officer to pick up personal property, and ordering the police to provide the perpetrator with such an escort; and second, "if so, whether Article 5.045 of the Texas Code of Criminal Procedure will protect the peace officer from civil liability in connection with such assistance."[1]

As to your first question, we note, as do you, that "Article 17.292 of the Texas Code of Criminal Procedure and Chapter 85 of the Family Code are silent as to whether the [c]ourt may include [such] a provision" as you enquire about. Request Letter, note 1, at 2. These provisions neither explicitly permit, nor specifically prohibit, the inclusion of such a provision. We note further

---

[1]Letter from Honorable Florence Shapiro, Chair, State Affairs Committee, to Elizabeth Robinson, Chair, Opinion Committee (May 9, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

that it is possible, as in the sample protective order you provided with your request, for the court to award the perpetrator his or her "personal effects, personal papers, driver's license, prescription medication, tools of trade, and vehicle which Respondent customarily drives," and to order "the protected person . . . to deliver these items or make same available to a neutral third party for retrieval by Respondent." *See id.* (Attachment: Court Order for Emergency Protection). Such a provision would seem to obviate the necessity for the supervised appearance of the perpetrator at the victim's home. However, particularly given that the statutes are silent, we think that this decision is committed to the discretion of the judge, which has been defined as "[t]he option a judge has in deciding between the doing or not doing of a thing which cannot be demanded as an absolute right." *Tuck v. State*, 231 S.W.2d 436, 442 (Crim. App. 1950). Moreover, this office does not find facts in the opinion process, and cannot therefore determine the wisdom or the necessity of such a provision as that about which you inquire in any particular instance.[2]

However, article 5.045 does not apply in the situation you describe. As Attorney General Opinion JC-0112 pointed out, the concern that statute was intended to address was the apparent fear of certain law enforcement officers and agencies that, should the officers accompany victims of domestic violence to the family home, they might expose themselves to liability. Tex. Att'y Gen. Op. JC-0112 (1999) at 2, citing Report of Senate Interim Committee on Domestic Violence. The specific language of the statute immunizes a police officer who "stay[s] *with a victim of family violence* to protect *the victim* and allow *the victim* to take the personal property of the victim or of a child in the care of the victim to a place of safety in an orderly manner." TEX. CODE CRIM. PROC. ANN. art. 5045 (Vernon Supp. 2000) (emphasis added). Neither the language nor the legislative history of the statute, which Attorney General Opinion JC-0112 details at some length, *see* Tex. Att'y Gen. Op. No. JC-0112 (1999) at 2-4, suggests that the statute would protect a police officer bringing a batterer to the family home. Indeed, this office there concluded that, "An escort of a perpetrator of family violence to the residence shared with the victim, whether or not it violates the terms of a protective order, is not the provision of standby assistance contemplated by article 5.045 of the Code of Criminal Procedure." *Id.* at 6. Accordingly, police officers who engage in such an escort may not rely upon the protection of article 5.045.

You suggest that, even so, "peace officers in defense of any claims [based on an escort of a perpetrator ordered by a judge as a term of a protective order] could still reasonably rely upon the defense of official immunity for state law claims and qualified immunity for any federal claims." Request Letter, *supra* note 1, at 2. The doctrine of official immunity under Texas law has been described as follows: "When a government employee carries out the discretionary duties of his job in good faith and acts within the scope of his authority, the employee is entitled to official immunity from suit." *Travis v. City of Mesquite*, 830 S.W.2d 94, 102 (Tex. 1992) (Cornyn, J., concurring). Similarly, the United States Court of Appeals for the Fifth Circuit has written of the federal defense

---

[2]*See, e.g.*, Tex. Att'y Gen. Op. Nos. JC-0020 (1999) at 2 (stating that investigation and resolution of fact questions cannot be done in opinion process); M-187 (1968) at 3 ("[T]his office is without authority to make . . . factual determinations."); O-2911 (1940) at 2 ("[T]his . . . presents a fact question which we are unable to answer.").

of qualified immunity, "Qualified immunity cloaks a police officer from personal liability for discretionary acts which do not violate well-established law." *Streetman v. Jordan*, 918 F.2d 555, 556 (5th Cir. 1990), *quoted in City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex. 1994). Whether particular acts were taken in good faith is a question of fact, and accordingly this office cannot determine the applicability of these immunity doctrines in any given instance.

We note, however, that the act for which the defenses may be plead must be characterizable as discretionary. "Ordinarily, official immunity extends to any action or decision by a [public] employee that is 'discretionary.' Discretionary functions receive protection, but ministerial duties do not." *Kassen v. Hatley*, 887 S.W.2d 4, 9 (Tex. 1994). "Under federal law, the act in question must be discretionary as a prerequisite to an extension of qualified immunity." *Chambers*, 883 S.W.2d at 654. A discretionary function "involves personal deliberation, decision and judgment . . . ; actions which require obedience to orders, or the performance of a duty to which the actor has no choice, are ministerial." *Id.*

One court of appeals has held that the execution of an arrest warrant, for instance, is a ministerial act for which a deputy sheriff is not entitled to the defense of official immunity. *Copeland v. Boone*, 866 S.W.2d 55, 57 (Tex. App.–San Antonio 1993, writ dism'd w.o.j.); *see also City of San Antonio v. Duncan*, 936 S.W.2d 63, 66 (Tex. App.–San Antonio 1996, writ dism'd w.o.j.). On the other hand, another court of appeals has taken the view that the manner in which an arrest warrant is executed may involve sufficient discretion on the officer's part for the defense to be available. *See Davis v. Klevenhagen*, 971 S.W.2d 111, 116-18 n.10 (Tex. App.–Houston [14th Dist.] 1998, no pet.) (distinguishing *Copeland*). "The distinction between these two categories is often one of degree, since any official act that is ministerial will still require the actor to use some discretion in its performance." *Id.* at 117. Moreover, it would appear unlikely that the injury to be plead in any tort action based upon such an escort would be the mere following by the officer of the court's directive. Rather, the injury would presumably be some allegedly negligent or intentionally tortious act or omission by the officer that was somehow connected with the carrying out of the order.

To recapitulate, if the acts of a law enforcement officer complained of in a civil action cannot be characterized as discretionary, the officer will not be entitled to the immunity defense. *See Kassen*, 887 S.W.2d at 9. However, if such acts can be so characterized, and in addition were within the scope of his authority and performed in good faith, he will be so entitled. *See Travis*, 830 S.W.2d at 102-03 (detailing elements of official immunity defense). We note again that judging whether the defense is available in any particular instance would require factual determinations we cannot make. *See* note 2, *supra*.

## S U M M A R Y

Neither the domestic violence protective order sections of the Family Code or of the Code of Criminal Procedure explicitly permit, or specifically prohibit, a judge to include in such an order a provision requiring a police officer to escort a perpetrator of domestic violence to the family home to retrieve personal property. Article 5.045 of the Code of Criminal Procedure is not by its terms applicable in such a situation, and accordingly does not provide immunity from liability for a police officer providing such an escort.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General - Opinion Committee