No. 04-00-00560-CV



John Stephan Willis JONES,


Appellant



v.



The CITY OF SAN ANTONIO,


Appellee



From the 131st Judicial District Court, Bexar County, Texas


Trial Court No. 2000-CI-04182


Honorable David Berchelmann, Judge Presiding (1)



Opinion by: Karen Angelini, Justice


Sitting: Alma L. López, Justice

 Paul W. Green, Justice

 Karen Angelini, Justice


Delivered and Filed: October 10, 2001


AFFIRMED

 John Stephan Willis Jones ("Jones") appeals the trial court's order granting the City of San
Antonio's ("City") plea to the jurisdiction. We affirm the decision of the trial court.

Background

 On December 15, 1989, City of San Antonio police officers encountered the stalled vehicle
of Jonathan Paul Jones ("decedent") on a San Antonio highway. Decedent was not present when the
officers arrived, because he had left to purchase gasoline for his vehicle. After decedent returned,
the officers began to question him and determined that he had several outstanding warrants.
Subsequently, decedent was struck by a passing car. He died as a result of trauma from the accident. 

 Decedent's son, Jones, filed a wrongful death action against the City pursuant to Chapter 71
of the Texas Civil Practices and Remedies Code. Jones claims that the failure of city police officers
to arrest decedent, after they determined there was an outstanding warrant for his arrest, proximately
caused decedent's death. The City filed a plea to the jurisdiction, contending that it enjoys sovereign
immunity from tort claims, except to the extent that the Texas Tort Claims Act waives its immunity.
The trial court granted the plea and dismissed Jones's suit with prejudice. Jones appeals, arguing
the trial court erred in granting the plea to the jurisdiction. 

Standard of Review

 A plea to the jurisdiction contests the district court's authority to determine the subject matter
of the cause of action. See Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). As
subject-matter jurisdiction presents a question of law, we review a district court's order denying a
plea to the jurisdiction de novo. See Mayhew v. Town of Sunnyvale, 964 S.W.2d 922, 928 (Tex.
1998). We examine a plaintiff's good faith factual allegations to determine whether the district court
has jurisdiction. See Bland, 34 S.W.3d at 554-55. The plaintiff bears the burden of pleading facts
that show the district court has subject-matter jurisdiction. See Tex. Ass'n of Bus. v. Tex. Air Control
Bd., 852 S.W.2d 440, 446 (Tex. 1993). Unless the defendant pleads and proves that the plaintiff's
allegations were fraudulently made to confer jurisdiction, they are accepted as true. Continental
Coffee Prods. Co. v. Cazarez, 937 S.W.2d 444, 449 (Tex. 1996). Absent the face of the petition
affirmatively demonstrating a lack of jurisdiction, the district court must liberally construe the
allegations in the petition in favor of the plaintiff and in favor of jurisdiction. Id.

Discussion


 Under the doctrine of sovereign immunity, a governmental unit is not liable for the torts of
its officers or agents in the absence of a constitutional or statutory provision creating such liability.
Medrano v. City of Pearsall, 989 S.W.2d 141, 143-144 (Tex. App.--San Antonio 1999, no pet.)
(citing State v. Terrell, 588 S.W.2d 784, 785 (Tex. 1979)). The City is a governmental unit as
defined by the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code Ann. § 101.001(3)(B)
(Vernon Supp. 2001), and thus, is protected from suit by the doctrine of sovereign immunity, unless
waived by the Act. The doctrine of sovereign immunity consists of two basic principles of law:
immunity from liability and immunity from suit. Tex. Dep't of Transp. v. Jones, 8 S.W.3d 636, 638
(Tex. 1999). While immunity from liability does not affect a trial court's jurisdiction to hear the
case, immunity from suit defeats a trial court's subject-matter jurisdiction and thus is properly
asserted in a plea to the jurisdiction. Id. at 638-39. 

 The Texas Tort Claims Act ("TTCA") waives immunity from suit under certain
circumstances. See Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 1997). In order for
immunity to be waived, the claim must arise under one of the three specific areas of liability for
which immunity is waived, and the claim must not fall under one of the exceptions from waiver.
Medrano, 989 S.W.2d at 144. The three specific areas of liability for which immunity has been
waived are: (1) injury caused by an employee's use of a motor-driven vehicle; (2) injury caused by
a condition or use of tangible personal or real property; and (3) claims arising from premise defects.
See Tex. Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 1997). Jones does not allege such a
waiver under the Texas Tort Claims Act. Instead, Jones argues that the City is not immune from
liability because arresting someone for outstanding warrants is a ministerial, rather than a
discretionary, act. (2) The ministerial/discretionary distinction, however, relates to official immunity.
 Official immunity and sovereign immunity are to be distinguished. DeWitt v. Harris County,
904 S.W.2d 650, 653 (Tex. 1995). Official immunity is an affirmative defense that protects
government employees from personal liability. Univ. of Houston v. Clark, 38 S.W.3d 578, 580 (Tex.
2000). Sovereign immunity, on the other hand, protects governmental entities from liability.
DeWitt, 904 S.W.2d at 653. 

 Whether the Texas Tort Claims Act waives sovereign immunity in a given case does
not affect whether the governmental employee may assert official immunity as a
defense. On the other hand, whether the governmental employee is entitled to
official immunity may affect whether the Texas Tort Claims Act's limited waiver of
sovereign immunity is applicable. 


Id. (citations omitted). For example, if sovereign immunity has been waived under section 101.021
of the Texas Tort Claims Act, the government can still rely on official immunity as a defense. See
id. at 653-55. If it is found that the requirements of official immunity have been met, the
government retains its sovereign immunity under section 101.021. See id. Jones has not met the
first hurdle of showing that the City waived sovereign immunity. Thus, it is premature at this point
to analyze whether official immunity applies.

 Lastly, Jones relies on City of San Antonio v. Duncan, 936 S.W.2d 63 (Tex. App.--San
Antonio 1996, writ dism'd w.o.j.), in support of his argument that the trial court erred in granting
the plea to the jurisdiction. The facts in Duncan are based on the same incident as the case at bar.
Duncan, the passenger in decedent's car and the representative of decedent's estate, sued the City
for negligence. Id. at 64. The City moved for summary judgment based on official immunity, and
the trial court denied the motion. Id. We found that a fact issue existed as to "whether the officers
had a ministerial, rather than a discretionary, duty to arrest" decedent. Id. at 66. The issue of
whether the City had waived sovereign immunity under section 101.021 was not before us. Thus,
Duncan is distinguishable from the instant case.

Conclusion


 We overrule Jones's sole issue and affirm the decision of the trial court.


 Karen Angelini, Justice

DO NOT PUBLISH
1. The Honorable David Berchelmann was assigned to hear the plea to the jurisdiction on behalf of the 131st
Judicial District Court.
2. In his original petition, Jones alleged waiver under subsections 101.021(1) and 101.021(2) of the Texas Tort
Claims Act, which relate to the operation or use of a motor vehicle and the misuse and/or non-use of tangible personal
property. After the City filed its plea to the jurisdiction, Jones filed an amended petition, deleting these theories of
waiver and claiming only that arresting someone for outstanding warrants is not a discretionary act.